(158 App. Div. 773.)

## CARY v. CITY OF ONEIDA.

(Supreme Court, Appellate Division, Third Department. November 12, 1913.)

MUNICIPAL CORPORATIONS (§ 985*)—TAXES—DISPOSITION—VOLUNTEER FIREMEN—RIGHTS OF FIREMEN.

> Under Insurance Laws (Consol. Laws 1909, c. 28; Laws 1909, c. 33) §§ 133, 135, which are continuations of Laws 1875, c. 465, and Laws 1879, c. 153, and provide that moneys received as a tax upon foreign insurance companies shall be paid for the use and benefit of the fire department of the several municipalities and that the city chamberlain shall apportion and pay over such moneys to the treasurers of the fire companies which are recognized by the common council, members of a volunteer fire company which was recognized by the common council of a city are not entitled to the whole of the money to the exclusion of the paid firemen; there being no statutory provision giving them any such preference.

> [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 2014; Dec. Dig. § 985.*]

Appeal from Judgment on Report of Referee.

Action by Luther H. Cary, as foreman and captain of the German Hose Company, against the City of Oneida. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ..

J. F. Connor, of Oneida, for appellant.
D. C. Burke, of Oneida, for respondent.

LYON, J. The question involved in this action is whether a volunteer company of a fire department is entitled to all the moneys paid by agents of foreign fire insurance companies, pursuant to the requirements of section 133 of the Insurance Law (chapter 28, Consol. Laws 1909; chapter 33, Laws 1909), to the exclusion of paid companies of the department. Prior to 1896, the fire department of the village of Oneida had consisted entirely of four unincorporated volunteer companies, one of which was the German Hose Company, organized in 1876, between all four of which companies the moneys paid by foreign insurance companies had been divided. During that year, the fire department was reorganized as a partly paid department, and all the volunteer companies were disbanded, excepting the German

Hose Company, and a department was created, consisting of two paid men, a number of men termed "call men," who responded to alarms and were paid 50 cents per hour for the time they were engaged in performing duty as firemen, and the German Hose Company, which performed fire duty without compensation.

In the year 1901, Oneida was incorporated as a city, the charter providing for the appointment of a fire commissioner, with the approval of the common council, who should appoint a chief engineer, an assistant engineer, and the paid members of the department. The charter also provided that the several firemen then composing the department should continue as then and should thereafter belong to and be a portion of the fire department of the city of Oneida, and that the fire commissioner should make such rules and regulations as he might deem best for the government of the department. The fire department was divided into four unincorporated companies and was so recognized by the rules and regulations of the department, viz., Hose Company No. 1, German Hose Company, Steamer Company, and Hook and Ladder Truck, and this division existed at the time of the payment by the foreign insurance companies of the moneys which are the subject of this controversy. The paid men of the department were five in number, the chief, assistant chief, and the drivers of Hose Company No. 1, the Steamer Company, and the Hook & Ladder Truck Company. All the volunteer firemen of the department, about 35 in number, were included in the German Hose Company. The call men, aggregating about the same number, were assigned to the other three companies. The officers designated by the rules and regulations were a chief, who at all times had full control of all the men, properties, and appurtenances of the department, assistant chief, and captain and lieutenants of the various companies, the duties of all of whom were therein defined. While the method of organization of the three other companies was not shown, it does appear that each company formed a part of the department organization and had a captain, and lieutenant, and that the rules and regulations vested in the captain the entire command of the company and required all members of the company to implicitly obey him in the absence of superior officers.

On and prior to February 1, 1911, there being no treasurer of the fire department of the city of Oneida, there was duly paid to the chamberlain of the city, pursuant to the provisions of section 133 of the Insurance Law, by the agents of foreign fire insurance companies, for the tax due February 1, 1911, the sum of $599.93, 10 per cent. of which was thereupon paid by him to the treasurer of the firemen's fund of the state of New York, leaving in the hands of said chamberlain $539.94, to be apportioned and paid over pursuant to the provisions of section 135 of the Insurance Law, to the treasurers of such of the several fire companies as were duly recognized by the common council of such city; there being no incorporated firemen's relief or benevolent society receiving any money under the laws of the state. The German Hose Company, being the only volunteer organization in the department, claimed to be entitled to all said moneys and pre-

sented its claim thereto to the board of aldermen, which disallowed the claim, whereupon this action was brought to compel the payment to it by said city of said moneys now in the hands of its chamberlain. The action was referred, and the referee decided that the German Hose Company was not entitled to recover said moneys or any part thereof in this action, and dismissed the complaint upon the merits. From the judgment entered upon his decision this appeal has been taken.

We think that the learned referee was right and that the judgment should be affirmed.

Section 133 of the Insurance Law provides that these moneys shall be paid for the use and benefit of the fire department, and section 135 provides that the chamberlain shall on or before the 15th day of February in each year apportion and pay over all such moneys so received to the treasurers of such of the several fire companies as are duly recognized by the common council of such city. There is found in these provisions no preference in the distribution of this fund to companies composed of volunteers over those composed by paid men, nor are we referred to any statute giving such preference. This action is not brought to recover moneys apportioned by the chamberlain to the German Hose Company; in fact, it is not alleged in the complaint and does not appear by the record that any apportionment has ever been made either to the German Hose Company or among the several fire companies, all of whom were recognized by the rules and regulations promulgated under the authority of the charter by the fire commissioner, whose appointment was approved by the common council. Neither is this action brought to compel an apportionment of these moneys. Our attention has been called to a decision of the trial term of this court, rendered in 1897, in an action in which the village of Oneida was defendant, adjudging that the German Hose Company was entitled to receive all the tax moneys paid by the Foreign Insurance Companies. At that time, however, not only was there in existence a resolution of the village board of trustees, directing such payment, but the facts relating to the organization of the fire department appear to have been vitally different. Neither is the fact of the voluntary payment of these moneys to the German Hose Company, prior to 1910, of any binding effect in this action.

The case of Exempt Firemen's Benevolent Association of City of New York v. Roome, 93 N. Y. 313, 45 Am. Rep. 217, has been cited, and the opinion therein quoted from, in appellant's brief as sustaining appellant's contention. The question there involved was simply as to the constitutionality of chapter 633 of the Laws of 1866, entitled "An act in relation to the benevolent fund of the late volunteer department in the city of New York," and the amendments thereto requiring payment to that corporation for terms of years of the tax on the receipts of the foreign fire insurance companies doing business in the city of New York. In the earlier existence of that city the fire department was composed wholly of volunteers, and the tax imposed upon foreign fire insurance companies was required to be applied to the benefit of volunteer firemen and their families. As in time the volunteer or-

ganization necessarily gave way to a paid department, the application of the funds received from foreign insurance companies was changed, until at the present time 45 per cent. thereof is required to be paid into a fireman's benevolent fund, from which it is applied to the relief of members of the former volunteer department, and their families, and 45 per cent. thereof is required to be paid into the relief fund of the fire department from which are paid the pensions and money for the relief of members of the paid department and their families. Greater New York Charter, §§ 808–812.

However, the statutes applicable to the village and city of Oneida have required the moneys received as a tax upon foreign fire insurance companies to be paid for the use and benefit of the fire department without originally specifying the disposition thereof. Chapter 465, Laws 1875. By chapter 153, Laws 1879, a provision was first made for the apportionment of these moneys to the treasurers of the several fire companies recognized by the common council or the trustees of such city or village. These provisions requiring the moneys to be paid for the use and benefit of the fire department and to be apportioned among the several companies have since been continued and were adopted in both revisions of the Insurance Law (Gen. Laws, . c. 38, §§ 133–135; Consol. Laws 1909, c. 28, §§ 133–135). There is not to be found in any statute, applicable to the village or city of Oneida, any discrimination between volunteer and paid firemen as recipients of these moneys. The four companies have been recognized by the common council as members of the fire department of the city, and the moneys in question should therefore be apportioned and paid over to them all.

The judgment appealed from should be affirmed.

Judgment unanimously affirmed, with costs. All concur.