Chandler S. Knight, J.
This action was commenced in Supreme Court. The parties subsequently stipulated that' it should be tried in County Court without a jury.
After extended statements in the record by the attorneys for both parties in which the material facts were agreed upon, both parties rested without offering evidence. The defendants then moved for a dismissal of the complaint and the plaintiff moved that the court ‘ ‘ direct the verdict in favor of the plaintiff for the relief demanded in the complaint ”.
The plaintiff was incorporated May 3, 1960, as a membership corporation. All of the paid firemen of the City of Amsterdam are members. The certificate of incorporation provides the purposes of the corporation to be (1) to maintain good fellowship, promote the interest of its members and to secure and provide such relief as the association deems necessary, and (2) to acquire, develop, lease, mortgage and sell real property.
This action is brought by the plaintiff against the City of Amsterdam and the other defendants, to recover the sum of $36,118.92 which was paid to the defendant over a period from 1955 to and including 1961 from taxes levied against foreign fire insurance companies writing insurance upon property within the City of Amsterdam, pursuant to the provisions of sections 553 and 554 of the Insurance Law as amended by the Laws of 1909 and by subsequent amendments.
Those .sections direct that said tax “ shall be paid to the treasurer of the fire department of every city * * * or to such other persons as may be designated in any special law (emphasis mine) heretofore or hereafter enacted * # * or in case any fire department does not have a treasurer, then to the treasurer * * # of such city ” and the tax money so paid shall be “ for the use and benefit of such fire department and the company or companies comprising the same ”.
The Amsterdam City Charter was amended by chapter 242 of the Laws of 1911 and section 30 thereof provides that “All [tax] moneys required by any law of this state to be paid by *325 agents of insurance companies, not incorporated under the laws of this state, or arising from any other source for the use and benefit of the fire department of cities, to which the city of Amsterdam or the fire department thereof may be entitled, shall hereafter be paid to the treasurer of the said city and be credited by him to the fire fund of said city and the same shall be expended for the use and benefit of the fire department of said city, except as otherwise provided by law; said treasurer * * * is hereby made the treasurer of the fire department
On October 21, 1913 the City of Amsterdam by ordinance created a Firemen’s Relief and Pension Fund (hereafter called pension fund). The ordinance also established a Pension Board of five persons including the City Treasurer. The ordinance directed that ‘ ‘ The City Treasurer shall be the treasurer of such Board and all moneys realized, derived or received from the tax on foreign insurance companies or agents thereof doing business in the City of Amsterdam, should be paid into said Firemen’s Pension Fund and further that these moneys together with all other sources of revenue are to be used for the payment of pensions to the members of the fire department of the City of Amsterdam ”.
Ever since and to the present time the City Treasurers have complied with the directions contained in that ordinance and the City of Amsterdam in its annual budgets has appropriated additional sums sufficient to pay pensions due to the beneficiaries of the fund. There are still four active firemen and other beneficiaries (retired firemen and widows of deceased firemen) who were participants of the pension fund prior to June 30, 1940, and who have continued to be members of it.
On June 28,1940 the City of Amsterdam adopted an ordinance requiring all firemen appointed subsequent to June 30, 1940 to become members of the New York State Retirement System and barred them from being members of the pension fund.
The plaintiff objects to the foreign insurance tax money’s being paid by the City Treasurer to the pension fund and demands in this action that said “tax money be paid to the Amsterdam Permanent Firemen’s Association, Inc., contending it is legally entitled to receive it by virtue of its certificate of incorporation and the fact that its membership includes all the members of the Fire Department. Plaintiff further contends that inasmuch as members of the Fire Department appointed after June 30, 1940 can receive no benefits from the pension fund, the tax money received after that date is not being used for the benefit of all the members of the Fire Department as mandated by the Insurance Law, but only for the benefit of four *326 firemen and other beneficiaries who were members of the Fire Department prior to June 30, 1940. This contention is undisputed.
The questions here are to whom shall said tax money be paid and for what purpose may the tax funds be used? The answer to those questions will be confined to the period subsequent to June 30,1940.
The answer to the first question is found in sections 553 and 554 of the Insurance Law which state that the said tax money should be paid to the Treasurer of the Fire Department in the absence of a designation of another person in any special law. The statute requires him to retain the fund in a special account in trust for the purposes provided in the statute, i.e., “ for the use and benefit of such fire department and the * * * companies comprising the same ”. (Binghamton Firemen's Benevolent Assn. v. McElhill, 9 A D 2d 255.)
The plaintiff in this case is not another person designated in any special law to receive said fund as required by said section 553. It was not created by any special law, as required by statute, for it to qualify as one to whom said tax money may be paid. It was created under a general law known as the Membership Corporations Law. The by-laws of the corporation cannot, as claimed by the plaintiff, serve to add the purposes of the incorporators beyond those stated in the certificate of incorporation. Even though it were possible to interpret that it was the intention of the Legislature by its use in the statute of the expression “ any special law ” to mean “ any general law ” still the certificate of incorporation of the Amsterdam Permanent Firemen’s Association, Inc., is void of any authorization for the plaintiff to receive the tax money imposed on foreign and alien fire insurance corporations by sections 553 and 554 of the Insurance Law.
Annually for the past many years the Legislature has enacted many special laws creating membership corporations composed of firemen. Each of such special laws contains a provision which authorizes the membership corporation “ to collect and administer on behalf of said firemen and fire department any and all payments of money * * * under the provisions of section five hundred fifty-three and five hundred fifty-four of the insurance law of the state of New York ”. An example is chapter 382 of the Laws of 1961 for the firemen of the City of Johnstown. Other examples of similar membership corporations of firemen created for the same purpose by special law in the last several years are chapters 876 (Saratoga) and 877 (Auburn) of the Laws of 1960; chapters 264, 566 and 625 of the Laws of 1961; *327 chapters 459, 560 and 587 of the Laws of 1962 and chapters 45, 47 and 240 of the Laws of 1963. There are many others.
The answer to the second part of the question, i.e., for what purpose may these funds be used, is not so definitely stated in the statute. The Insurance Law fails to enumerate the specific purposes for which the money may be expended. Specifically the law says that such money may be ‘ ‘ for the use and benefit of such fire department and the company or companies comprising the same ”. Obviously the Legislature did not intend this money to be used for general purposes such as the purchase of fire trucks or equipment of the Fire Department which might be considered municipal charges. The Attorney-General has held that it might very well be used for, but not limited to, such items as radios, television sets for the firehouse or uniforms for all the firemen (1955 Atty. Gen. [Inf.] 119) and by the State Comptroller for “ items of comfort and convenience, such as work and dress uniforms, day boots, night pants with liners and suspenders, electric toasters, day room furniture and an air-conditioning unit ” (13 Op. St. Comp., 1957, pp. 66, 67).
The plaintiff here seeks to recover said tax money received by the City Treasurer for several years prior to its incorporation in 1960. The plaintiff did not become a legal entity until May 3, 1960, and could acquire no property rights or claims against the defendants antedating said May 3, 1960. In Watertown Firemen’s Benevolent Assn. v. City of Watertown (134 N. Y. S. 2d 465, 469) it was held “ that it can claim nothing before its incorporation ”.
The allegation in the plaintiff’s complaint that since June 30, 1940, said tax money has been used for the pension fund which benefits only four active firemen and some additional beneficiaries of the pension fund and not for the benefit of all the members of the Fire Department is conceded. Such use of the tax money is in violation of the plain language of the statute. The provisions of both sections 553 and 554 respecting payment “for the use and benefit of such [fire] department” and the “companies comprising the same”, mean the use thereof for the benefit of all the members of the Fire Department. The City Treasurer as Treasurer of the Fire Department (Amsterdam City Charter, § 30) must receive said tax money and use the proceeds thereof for the benefit of all members of the Fire Department. He may not pay said tax money to anyone except such person or corporation as may hereafter be designated by a special law of the State of New York.
The members of the Amsterdam Fire Department have a meritorious claim which can only be realized by following proper *328 statutory procedure as many other firemen’s associations have done. It cannot be done by judicial decree.
It is the finding of this court (1) that the plaintiff has not been designated by any special law to receive said tax money referred to in sections 553 and 554 of the Insurance Law; (2) that the certificate of incorporation of the plaintiff does not authorize the plaintiff to receive said tax money; (3) that the defendants may not pay said tax money to the plaintiff.
Although it is not in issue here, the court is of the opinion that the Amsterdam City Treasurer, as Treasurer of the Fire Department, should receive said tax money and use the proceeds thereof only for the use and benefit of said Fire Department and the companies comprising the same.
It is the conclusion of this court that the defendants’ motion to dismiss the complaint should be, and is, granted and that defendants are entitled to judgment dismissing plaintiff’s complaint.