■ NIAGARA FALLS FIRE DEPARTMENT MUTUAL AID ASSOCIATION, INC., Appellant, v. EXEMPT FIREMEN'S ASSOCIATION OF THE CITY OF NIAGARA FALLS et al., Respondents.— Judgment unanimously reversed, without costs of this appeal to either party, and motion denied, without costs. Memorandum: Plaintiff's complaint, dismissed by Special Term for failure to state a cause of action on its face, alleges *inter alia*, that defendants are wrongfully receiving the proceeds of taxes collected pursuant to sections 553 and 554 of the Insurance Law and are apportioning the same among their surviving members contrary to the purposes for which the funds are required by law to be used, thereby depriving plaintiff of its right to share therein. It seeks a declaratory judgment decreeing that defendants are not entitled to any preference over plaintiff in receiving such moneys and that defendants' use thereof is contrary to law. In our opinion, plaintiff has a sufficient interest in the subject matter to maintain the action and its complaint alleges a justiciable controversy. Section 553 of the Insurance Law requires all foreign or alien fire insurance companies, except mutual insurance companies, to pay each year a 2% tax on all premiums secured within a city afforded fire protection, 1.8% of which shall be paid to the fire department of the city or to such other person as may be designated in any special law. Such moneys are for the use and benefit of such fire department and the companies comprising it. Defendants became entitled to receive such tax moneys by designation in section 172 of chapter 530 of the Laws of 1916 as amended by Local Law No. 1, on March 31, 1930. Although defendants appear to be entitled to receive the section 553 tax moneys an issue is, nevertheless, raised as to whether defendants are using them for the benefit of the fire department and the companies comprising the same as required by section 553, by aiding, strengthening and stimulating the fire department. (*Trustees of Exempt Firemen's Fund* v. *Roome*, 93 N. Y. 313, 322.) While the designation gives defendants the right to receive section 553 funds, a triable issue is presented as to their right to receive the tax paid pursuant to section 554 of the Insurance Law. In 1909 the Consolidated Laws added sections 149 and 149-c of the Insurance Law. Under these sections, foreign mutual fire insurance companies were, for the first time, allowed to do business in the State. Under the 1939 revision of the Insurance Law (L. 1939, ch. 882) sections 149-a and 149-c became section 554 which as amended by chapter 742 of the Laws of 1953 requires every mutual fire insurance association to pay a 2% tax on its premiums to the Superintendent of Insurance who is required to pay 10% thereof to the Firemen's Association of the State of New York and distribute the balance to the treasurer of the fire department of each city, or if no such treasurer, then to the treasurer of the city. In the light of the provisions of the Insurance Law, there appears to be a triable issue as to defendants' right to receive any portion of the section 554 tax moneys distributed. If such moneys be paid to the treasurer of the fire department of the city, plaintiff, being composed of paid members of this department may become beneficiary of a portion of it. This is a sufficient interest to allow plaintiff to maintain the action. (*Exempt Firemen's Assn. of New Rochelle* v. *City of New Rochelle,* 7 N Y 2d 735, 785.) (Appeal from judgment of Niagara Trial Term dismissing the complaint.) Present — Bastow, J. P., Goldman, Henry, Del Vecchio and Marsh, JJ.