Donald H. Mead, J.
Plaintiff, on behalf of himself and others similarly situated, brings an action for declaratory judgment decreeing and declaring that plaintiff and others, similarly situated, are exclusively entitled to all moneys now held in escrow and ,to be derived in the future from the tax imposed on premiums collected on fire insurance policies issued in Borne, New York by foreign and alien insurance companies pursuant to sections 553 and 554 of the Insurance Law of the State of New York and to enjoin and restrain the defendant, *17 Henry Root Stern, Jr., as Superintendent of Insurance of the State of New York; the defendant, New York Fire Insurance Rating Organization; the defendant, City of Rome, New York, and defendant, Richard Fahy, as Treasurer of the City of Rome, New York, from issuing any checks representing moneys derived pursuant to said sections of the Insurance Law to any persons or organizations other than the plaintiff herein and others similarly situated until the determination of said action or until such time as a Treasurer of the Rome Fire Department is appointed.
The defendants, Firemen’s Benevolent Association of Rome, New York; Independent Hose Co. No. 1; Hook and Ladder Co. No. 1; Fort Stanwix Hose Co. No. 1 and John C. Harris, as Treasurer of Firemen’s Benevolent Association of Rome, New York, interposed an answer denying the allegations of plaintiff’s complaint and by way of counterclaim seek judgment decreeing and declaring that defendant, Firemen’s Benevolent Association of Rome, New York is exclusively entitled to said moneys.
The case was submitted to the court on the basis of a controversy upon an agreed statement of facts pursuant to CPLR 3222. The stipulated and agreed statement of facts states that “ this action and controversy is an action for a declaratory judgment to determine whether the plaintiff or the defendant, Firemen’s Benevolent Association of Rome, New York, is entitled to the use and benefit of the tax monies under section 553 and 554 of the Insurance Law of the State of New York. ” In reaching its decision the court has considered the Statement of facts and submitted memoranda of law and is limiting its consideration and decision to the aforesaid agreed-upon issue.
Section 553 of the Insurance Law provides that, with certain exceptions, there shall be paid by every foreign fire insurer other than mutual fire insurance companies, “ to the treasurer of the fire department of every city * * * afforded fire protection by any fire department, or to such other persons as may be designated in any special law heretofore or hereinafter enacted * * * or in case any fire department does not have a treasurer, then to the treasurer or other fiscal officer of such city ’ ’ a designated percentage of the premiums received for fire insurance upon property situated within the area protected by the fire department. (Emphasis supplied.)
Section 554 provides, in somewhat different language, that foreign mutual fire insurance companies shall be taxed in a similar manner and shall pay a portion of the tax ‘ ‘ to the treasurer of the fire department of each city * * * or to the treasurer of every fire district in this state, established under *18 the county or town law, having a fire department * * * .for the use and benefit of such department * # * or, if no such treasurer of a fire department exists, then to the treasurer or other fiscal officer of such city, village or fire department * * * and in those municipalities * * * which by special enactment have created fire districts, firemen’s benevolent, exempt or veterans [sic] associations which share in the distribution of such monies, to the respective treasurers of such associations.” (Emphasis added.)
It is agreed in the stipulation of facts that there are presently in existence in the City of Borne, New York, a paid fire department and three volunteer companies, namely, Independent Hose Co. No. 1; Hook and Ladder Co. No. 1 and Fort Stanwix Hose Co. No. 1, and ‘1 that they [the volunteer companies] do render aid and service, if called by the Rome paid fire department to fight fires; that they do render aid and assistance in response to calls from the Oneida County Mutual Aid System; that they do aid and assist in finding lost persons, and in organizing and executing searches for missing persons and children, as well as responding to other casualties upon request. ” (Matter in brackets added.) Moreover, there is a provision of the present Rome City Charter authorizing the city ‘1 to establish, continue, discontinue, alter and maintain a fire department of volunteer members, or partly of paid employees and partly of volunteer members, or wholly of paid employees. ’ ’ (§ 25, subd. 13.) Furthermore, the Rules and Regulations adopted by the City Commissioner of Public Safety on December 14,1962 set forth the duties, lines of command and disciplines to be observed by volunteer companies when called to respond to fires within the City of Rome, and its so-called ‘ ‘ outer district. ” The stipulation of agreed facts sets forth the number of active members in each of the volunteer companies; describes the procedures employed in calling said companies when they are requested to respond to fires in the City of Rome; describes the equipment owned by the' respective volunteer companies and indicates the number of alarms answered by said volunteer companies from 1963 through 1966. Thus, it is apparent that although many of the fire alarms are handled exclusively by the paid fire department of the city, nevertheless, .the volunteer companies are called upon from time to time to respond to certain fire alarms as well as to assist and render aid in other emergency situations.
The issue presented in this case is not an uncommon one; it has been considered by the courts before, and it arises out of the language of the statutes which refer merely to “ fire depart *19 ment ” with no distinction made as to paid or volunteer fire departments. As stated by the Fourth Department of the Appellate Division in Fire Dept. of City of Rochester v. City of Rochester (23 A D 2d 183, 184-185c): “ The fund in question had its inception in the era when fire fighting was the exclusive responsibility of volunteer fire companies throughout the State and rduhicipllly financed fire departments were unknown. In 1849, to benefit and stimulate such companies of volunteers, the Legislature determined that a tax which had been previously imposed upon foreign fire insurers should be diverted from the State treasury to these local volunteer organizations. (See Trustees of Exempt Firemen’s Fund v. Roome, 93 N. Y. 313.) The statutory authorization for this practice is currently found in sections 553 and 554 of the Insurance Law, which now benefit and apply not only to volunteer but also to municipally paid fire departments. ” While the preceding statement was not necessary to the decision in that case, it properly states the holding in Cary v. City of Oneida (158 App. Div. 773, 776, 777-778) wherein the court stated:
“ There is found in these provisions no preference in the distribution of this fund to companies composed of volunteers over those composed of paid men, nor are we referred to any statute giving such preference. * * *
“ These provisions requiring the moneys to be paid for the use and benefit of the fire department and to be apportioned among the several companies have since been continued and were adopted in both revisions of the Insurance Law. (Gen. Laws, chap. 38 [Laws of 1892, chap. 690], § 133, as amd. by Laws of 1901, chap. 726; Id. § 135; Consol. Laws, chap. 28 [Laws of 1909, chap. 33], §§ 133,135.) There is not to be found in any statute applicable to the village or city of Oneida any discrimination between volunteer and paid firemen as recipients of these moneys. The four companies have been recognized by the common council as members of the fire department of the city and the moneys in question should, therefore, be apportioned and paid over to .them all. ’ ’
It is clear, therefore, under the holding of The Cary case, that the established paid fire department of the City of Borne, New York, as well as the three volunteer fire departments, are collectively entitled to share proportionately in the proceeds of the tax moneys! In Ashley Co. v. Fire Department of City of Rochester (73 Misc. 636, 638) the court stated: “ In view of the facts that the law authorizing the establishment of a paid department by the common council of the city was then in force (1861), and that certain firemen were actually employed *20 and paid for their services, it would seem that the language of this creating statute [Chap. 140 of the Laws ¡of 1864] is sufficiently broad .to bring within the scope of the corporation’s beneficial activities all firemen of the city of Bochester, whether of the volunteer companies or of the later day paid department. If this be true, the members of the present paid department have not only the support of the pension fund organized and managed by the city for the relief of themselves and their families, but are entitled to share with their predecessors of the volunteer service in the benefits of their benevolent corporation.” (Matter in brackets added)
The next question, inherent in the framed issue before this court, is whether or not the defendant, Firemen’s Benevolent Association of Borne, is entitled to receive any portion of the tax moneys. The language of the statutes in question (Insurance Law, §§ 553, 554) is explicit and it is quite clear that in order for said defendant to qualify as a designated recipient of the funds and eligible to share in the proceeds thereof, its creation and designation must be by special law or enactment. While it is not so stated in the stipulation, it must be assumed, in the absence of any reference to a special legislative enactment, that said Benevolent Association was organized and created under the Membership Corporations Law. In Amsterdam Permanent Firemen’s Assn. v. City of Amsterdam (40 Misc 2d 323, 326, 327) the court, in dismissing plaintiff’s complaint, wrote:
“ The plaintiff in this case is not another person designated in any special law to receive said fund as required by said section 553. It was not created by any special law, as required by statute, for it to qualify as one to whom said tax money may be paid. It was created under a general law known as the Membership Corporations Law. * * *
“ Annually for .the past many years the Legislature has enacted many special laws creating membership corporations composed of firemen. Each of such special laws contains a provision which authorizes the membership corporation 1 to collect and administer on behalf of said firemen and fire department any and all payments of money * * * under the pro* visions of section five hundred fifty-three and five hundred fifty-four of the insurance law of the state of New York ’. An example is chapter 382 of the Laws of 1961 for the firemen of the City of Johnstown. Other examples of similar membership corporations of firemen created for the same purpose by special law in the last several years are chapters 876 (Saratoga) and 877 (Auburn) of the Laws of 1960; chapters 264, 566 and 625 *21 of the Laws of 1961; chapters 459, 560 and 587 of the Laws of 1962 and chapters 45, 47 and 240 of the Laws of 1963. There are many others. * * *
‘ ‘ The provisions of both sections 553 and 554 respecting payment ‘ for the use and benefit of such [fire] department ’ and the ‘ companies comprising the same ’, mean the use thereof for the benefit of all the members of the Fire Department. The City Treasurer as Treasurer of the Fire Department (Amsterdam City Charter, § 30) must receive said tax money and use the proceeds thereof for the benefit of all members of the Fire Department. He may not pay said tax money to anyone except such person or corporation as may hereafter be designated by a special law of the State of New York.”
Thus, it is settled that, under the statute, .the Legislature may, by special enactment, designate “ such other persons ” (§ 553), including “firemen’s benevolent, exempt or veterans [sic] associations ” (§ 554), to receive or share in the distribution of such tax moneys. However, until such appropriate legislation is enacted, the moneys must be paid and disbursed. in accordance with the' statute and for the purposes therein set forth, namely, ‘ ‘ for the use and benefit of such fire department and the company or companies comprising the same ” (§ 553), and “ for the use and benefit of such department” (§ 554). Although the statute does not definitely specify for what purpose the funds may be used, the court, in Amsterdam Permanent Firemen’s Assn. v. City of Amsterdam (supra, p. 327), discusses the obvious legislative intent concerning the use of such moneys.
In the memorandum of law submitted by defendants, the right of plaintiff to bring the action is challenged. The issue was not raised in the defendants’ answer or by separate motion since obviously the parties desired a determination of the issues on the merits as evidenced by their submission of the controversy upon an agreed statement of facts. The issue of ‘ ‘ real party in interest ’ ’ is largely a procedural requirement, and should never become more important than the purposes which it seeks to accomplish (3 Carmody-Wait 2d, New York Practice, § 19.21). Concededly, the plaintiff and the members of plaintiff’s class of paid firemen are not designated as statutory recipients of the funds, but the proper statutory designees are named as party defendants. Certainly, if it is determined that the class represented by plaintiff, namely, the paid members of the city fire department, is entitled to participate in the distribution of the funds and the moneys are directed to be paid to the Treasurer of the fire department or, in the absence *22 of a treasurer, to the City Treasurer (a party defendant), he may become beneficiary of a portion thereof. This is a sufficient interest in the subject matter as to allow plaintiff to maintain the action and his complaint alleges a justiciable controversy. (Niagara Falls Fire Dept. Mut. Aid Assn. v. Exempt Firemen’s Assn. of City of Niagara Falls, 25 A D 2d 484.)
Accordingly, till court hereby declares:
1. The defendant, Firemen’s Benevolent Association, in its present posture, is not entitled to réceive any of the tax moneys now held in escrow or to be paid and distributed in the future unless and until the time said defendant may be legally designated a recipient thereof by special legislative enactment.
2. The tax funds presently held in escrow and future tax moneys are to be paid, pursuant to sections 553 and 554 of the Insurance Law, to the Treasurer of the City of Rome, New York for the use and benefit of the Fire Department of said city which is hereby declared to consist of the city-paid firemen as well as the active and participating members of the three volunteer companies named as parties defendant herein.