EXEMPT VOLUNTEER FIREMEN'S ASSOCIATION OF LOCKPORT, Appellant-Respondent, v. CITY OF LOCKPORT, Respondent-Appellant.

Fourth Department, February 20, 1969.

*Albert J. Foley* for appellant-respondent.

*Peter P. Corrallo* for respondent-appellant.

GABRIELLI, J. Prior to May 10, 1967 the distribution of funds received by the Lockport City Treasurer, representing a 2% tax on insurance premiums levied by foreign insurance companies in the city, was made between the surviving members of the volunteer fire companies and the plaintiff, pursuant to the provisions of section 151 of the City Charter (L. 1911, ch. 870, as amd.). On that date, the Common Council adopted Local Law No. 1 (1967) of the City of Lockport which repealed section 151 and provided for distribution of these proceeds among the same recipients *and* the Lockport Firefighters Benevolent Association, Inc., a membership corporation composed of the paid firemen of the city, all on a prorata sharing basis. On March 9, 1967 the City Treasurer received $3,307.37 and on July 5, 1967, he received $2,051.95, representing the total proceeds for business written by the fire insurance companies during 1966.

Plaintiff attacks the constitutionality of the local law and further asks for judgment directing the City Treasurer to pay plaintiff the total of these two amounts received by the Treasurer during 1967.

We are unable to agree with plaintiff's contention that the city lacked constitutional authority to enact the local law. At the outset, we recognize, and indeed, plaintiff does not suggest otherwise, that an organization composed of members of a paid fire department, may be a beneficiary of these funds. Plaintiff, however, contends that any change in the city charter must be effectuated by an act of the Legislature. The implementation of the State Constitution dealing with Local Governments (art. IX, eff. Jan. 1, 1964) by paragraph (i) of subdivision 1 of section 10 of the Municipal Home Rule Law wherein it is provided that " every local government shall have power to adopt and amend local laws not inconsistent with the provisions of the constitution or * * * any general law relating to its property, affairs or government ", provides ample authority for adoption of the local law under attack. There can be no denial that under the new enactment the general purposes and uses of the proceeds comply with the intent and meaning of sections 553 and 554 of the Insurance Law which form the basis

for collection of and the uses to which the proceeds will be put. The law in question clearly dealt with the city's "property, affairs or government" and, as was held in *Matter of Grumet* v. *Goodbody* (1 Misc 2d 222, affd. 309 N. Y. 956) the "collection *and* application of the fund" has a relationship to the property, affairs or government of the city. (Italics added.) (See, also, *Niagara Falls Fire Dept. Mut. Aid Assn.* v. *Exempt Firemen's Assn. of City of Niagara Falls,* 25 A D 2d 484; *Fire Dept. of City of Rochester* v. *City of Rochester,* 23 A D 2d 183, affd. 16 N Y 2d 933; *Exempt Firemen Assn.* v. *Trustees,* 34 App. Div. 138, 141.)

While we agree with Special Term's holding as to the constitutionality of the questioned local law, we are not in accord with its direction that plaintiff is entitled to payment of the entire amount of $5,359.32 received in 1967. The basis for the determination below that the proceeds "became vested in the plaintiff before the Law was enacted" finds no support in the law. The beneficiaries of these funds become entitled to them after they are paid to the City Treasurer, regardless of the period for which they were computed. Entitlement thereto can neither occur nor commence until the proceeds are received by that official (*Exempt Firemen's Benevolent Assn. of City of Yonkers* v. *State of New York,* 24 A D 2d 922). We, therefore, conclude that the proceeds of $3,307.37 received prior to the enactment of the local law should be paid pursuant to the provisions of old section 151 of the City Charter, but that the sum of $2,051.95 received on July 5, 1967 be distributed pursuant to the provisions of Local Law No. 1 (1967).

The order and judgment should be modified on the law and the facts in accordance with the foregoing opinion and, as so modified, affirmed, without costs.

GOLDMAN, P. J., MOULE, BASTOW and HENRY, JJ., concur.

Order and judgment unanimously modified on the law and facts in accordance with the opinion by GABRIELLI, J., and as so modified affirmed, without costs.