DAVID WILCOX, on Behalf of Himself and Others Similarly Situated, Respondents, v BENJAMIN R. SCHENCK, as Superintendent of Insurance of the State of New York, et al., Appellants.

Third Department, June 3, 1976

*Caffry, Pontiff, Stewart, Rhodes & Judge (Robert S. McMillen* of counsel), for appellants.

*Tate & Tate (Rex S. Ruthman* of counsel), for respondent.

HERLIHY, J. Pursuant to the provisions of sections 553 and 554 of the Insurance Law, the appellant, Roderick Carpenter, as Treasurer of the Fire Department of the Village of Hudson Falls, has received certain funds derived from a tax on premiums of policies of fire insurance. Section 553 directs the treasurer of the fire department to "apportion and pay over all tax so received to the treasurer of the fire company or companies whose obligation it is to render fire protection in the * * * village". Section 554 directs the Superintendent of Insurance to pay the appropriate sum collected by him pursuant to that section to the treasurer of the fire department "for the use and benefit of such department".

The appellant treasurer has consistently paid such funds by apportionment to the three appellant volunteer fire companies without setting any aside for the benefit of the plaintiffs who are paid firemen of the village. The plaintiffs seek to share in the benefit of the sections 553 and 554 funds along with the volunteer fire company members and, accordingly, the instant proceeding was instituted by the named plaintiff on behalf of himself and the paid firemen of the Village of Hudson Falls. Plaintiffs' motion was limited to seeking summary judgment declaring that they are entitled to participate in the distribution of the funds together with the volunteer fire companies. Special Term held that they are entitled to share in the funds.

The appellants generally contend that, as a matter of law, the plaintiffs are not entitled to participate in the distribution of the sections 553 and 554 funds and this is the primary issue upon this appeal.

It is well established that volunteer firemen have no preference under the statutory language over paid firemen as to sharing in the benefits of the funds (see *Cary v City of Oneida,* 158 App Div 773; cf *Exempt Volunteer Firemen's Assn. of Lockport v City of Lockport,* 31 AD2d 311; *Niagara Falls Fire Dept. Mut. Aid Assn. v Exempt Firemen's Assn. of City of Niagara Falls,* 25 AD2d 484; *Matter of Crohn v Firemen's Benevolent Fund Assn. of City of Mount Vernon,* 79 Misc 2d 536, 539, affd on opn below 45 AD2d 955). The contention of

the appellants that the plaintiffs are not entitled to any share in the benefit of the funds because they are civil service employees has no merit.

The present record does not clearly demonstrate that the dispersal of the tax funds to the volunteer fire companies is arbitrary and capricious; however, it is established that appellants are under the erroneous legal impression that, as a matter of law, the treasurer of the village fire department must automatically give all of the money to the volunteer fire companies. To that extent there is a justiciable controversy in which the remedy of declaratory judgment is appropriate.

As noted by Special Term in its decision: "The funds as such are not available for the personal use of either the paid or volunteer fireman. The legislature did not intend this money to be used for general purposes such as the purchase of fire trucks or equipment of the Fire Department which may be considered municipal charges. The Attorney General and State Comptroller have held that it may be used for, but not limited to, such items as radios, television sets for the firehouse, items of comfort and convenience such as work and dress uniforms, day boots, night pants with liners and suspenders, electric toasters, day-room furniture and air conditioning".

The order of Special Term insofar as it directs the treasurer of the village fire department to pay any portion of the funds to either the treasurer of the paid fire department (there being none) or to the Village Treasurer, however, goes beyond the scope of sections 553 and 554 of the Insurance Law. The disbursement of the funds is in the discretion of the treasurer of the village fire department for the use and benefit of all components thereof (cf *Eisinger v Stern,* 57 Misc 2d 16).

The order should be modified, on the law and the facts, by striking the second and third decretal paragraphs thereof and by inserting the following language: "ORDERED that the tax funds presently held by the Treasurer of the Fire Department and future tax moneys are to be paid pursuant to sections 553 and 554 of the Insurance Law to the Treasurer of the Fire Department, Village of Hudson Falls, New York, for the use and benefit of the Fire Department of said village which is hereby, declared to consist of the village paid firemen as well as the active and participating members of the three volunteer companies named as parties defendants herein", and, as so modified, affirmed, without costs.

GREENBLOTT, J. P., SWEENEY, KANE and REYNOLDS, JJ., concur.

Order modified, on the law and the facts, by striking the second and third decretal paragraphs thereof and by inserting the following language: "ORDERED that the tax funds presently held by the Treasurer of the Fire Department and future tax moneys are to be paid pursuant to sections 553 and 554 of the Insurance Law to the Treasurer of the Fire Department, Village of Hudson Falls, New York, for the use and benefit of the Fire Department of said village which is hereby declared to consist of the village paid firemen as well as the active and participating members of the three volunteer companies named as parties defendants herein", and, as so modified, affirmed, without costs.