HON. PAUL J. SAUER Fire District Commissioner Huntington Manor Fire District
We acknowledge receipt of your letter inquiring about the proper distribution, pursuant to Insurance Law §§ 553 and 554, of funds derived from the tax on premiums for policies of fire insurance written by foreign and alien fire insurance companies. You state that your fire department consists of two fire companies; that the treasurer of the fire department maintains that the tax monies can be retained by the fire department and do not have to be turned over to the two fire companies in the fire department; and that you contend that all of the tax monies must be divided equally between the two fire companies in the fire department.
The tax imposed by Insurance Law § 553 is a tax on the premiums for fire insurance policies written by foreign or alien insurance companies, except mutual insurance companies, on property in this State. The tax imposed by Insurance Law § 554 is a tax on the premiums for fire insurance policies written by foreign mutual fire insurance companies on property in this State.
A tax under Insurance Law § 553 is paid by each insurer to the treasurer of the appropriate fire department or, at the election of any insurer, to the superintendent of insurance, who must then pay the same to the treasurer of the appropriate fire department. A tax under Insurance Law § 554 is paid by each insurer to the state superintendent of insurance who then pays a portion of the same to the treasurer of the appropriate fire department. In each section the officer we here refer to as "the treasurer of the appropriate fire department" is carefully defined because of the variety of municipalities and fire districts and fire protection districts which exist within the State. In your case, "the treasurer of the appropriate fire department" is the fire district treasurer (your fire district having been formed under Town Law Article 11 [§§ 170 — 189]). There are certain municipalities, fire districts and/or fire protection districts where, by special statute, such payments are required to be made elsewhere and/or for other purposes. We assume that in your case there is no such special statute or you would have informed us.
The payments of the tax under Insurance Law § 553 to the treasurer of the appropriate fire department are stated to be: "for the use and benefit of such fire department and the company or companies comprising the same" and the treasurer, after receiving the tax, is required to "apportion and pay over all
tax so received to the treasurer of the fire company or companies whose obligation it is to render fire protection in" the area from which the tax derived (emphasis supplied). The tax under Insurance Law § 554 is paid by the state superintendent of insurance to the treasurer of the appropriate fire department "for the use and benefit of such department". The further provision contained in section 553 that all the tax be apportioned and paid over to the fire company or companies is not repeated in section 554.
In our opinion, your fire district treasurer must apportion and pay over all of the tax received under Insurance Law § 553 to the treasurers of the two fire companies of your fire district to be used by those companies for the use and benefit of your fire department and the two companies comprising the department whereas the tax your fire district treasurer receives under Insurance Law § 554 must be applied for the use and benefit of the fire department. Application of some or all of the tax under Insurance Law § 554 can properly be used for the purposes designated by the statute by the department itself. This is a determination which would have to be made by the board of fire commissioners. If all or any portion of the tax under Insurance Law § 554 is not required by the fire district commissioners to be applied by them for use of the fire department as such, then the fire district treasurer should apportion and pay over the tax, or the balance thereof, to the treasurers of your two fire companies to be used for the purposes designated by the statute.
To this same general effect, see opinion of Justice O'Gorman inRossi v. Frasco and Getty, not yet reported, but reproduced in Fire District Affairs, Vol. 3, No. 11, April, 1976, p. 5.
The most recent case we have found relating to the apportionment and use of tax monies from these two taxes is Wilcox v.Schenck, 52 A.D.2d 349 (1976), a copy of which we enclose for your convenience, and which opinion cited with approval the case of Eisinger v. Stern, 57 Misc.2d 16 (1968). In the Wilcox
case the Court held, at page 351, that the "disbursement of the funds is in the discretion of the treasurer" of the appropriate fire department "for the use and benefit of all components thereof". The question involved was whether a paid fire company was entitled to be included along with three volunteer fire companies in the apportionment. The case did not involve any use by the department itself of all or any part of the tax money from the tax under Insurance Law § 554 "for the use and benefit of such department".
In our opinion, the statutory direction to "apportion and pay over" does not require that the funds be distributed equally to the two fire companies in your fire district. The apportionment is based upon a determination by the treasurer which can not be arbitrary, capricious or unreasonable. Any claim that it is arbitrary, capricious or unreasonable can be resolved by the Courts.