OPINION OF THE COURT
George L. Cobb, J.
In this action, which was submitted to the court for a decision pursuant to CPLR 3222, the issue is whether or not the paid firemen of the City of Kingston are entitled to share the 2% tax levied by sections 553 and 554 of the Insurance Law on fire insurance premiums paid by insureds to foreign insurance companies for insurance coverage on properties within the city.
The City of Kingston now has eight active volunteer fire companies with an aggregate membership of about 160 volun *811 teer firemen as well as approximately 75 paid firemen. Although the fire department of said city is composed of all of its firemen, whether they be paid or volunteer (Kingston City Charter, § 107), all of the said tax moneys, less certain administrative expenses, have heretofore been distributed to the eight active volunteer fire companies and to the Exempt Firemen’s Association of the City of Kingston. Since the membership of the latter, which is a membership corporation, is restricted to persons who have been honorably discharged from the "volunteer” Fire Department of the City of Kingston, or who reside in that city or in Ulster County and who have a "firemen’s discharge from a town, city, village or any State in the Union” (Kingston Exempt Firemen’s Assn By-Laws, art 1, § 1), it is apparent that the paid firemen of the city have never benefited from the said tax moneys.
The previously cited statutes (Insurance Law, §§553, 554) state that the said taxes shall be respectively paid over to "the treasurer of the fire company or companies whose obligation it is to render fire protection in the city” and to the treasurer of the city fire department "for the use and benefit of such department”. Those provisions have been authoritatively construed as mandating the payment of the said tax moneys to the treasurer of the fire department for the use and benefit of all of the firemen of the subject municipality, whether paid or volunteer (Wilcox v Schenck, 52 AD2d 349; see, also, Cary v City of Oneida, 158 App Div 773), and in the absence of any further pertinent legislation, those authorities would be controlling here. However, certain other State statutes must be considered.
By a special law (L 1879, ch 325, § 1), the State Legislature constituted as a body corporate "[a]ll such persons as are now or hereafter shall be members of each and every fire company organized, and to be organized, by the common council of the City of Kingston”. That law stated that the name of that corporation would be "The Fire Department of the City of Kingston”, and the board of trustees of said corporation was therein authorized to apply said tax moneys "as they shall deem proper, for the use and benefit of said fire department” (L 1879, ch 325, § 5, emphasis added). The court believes that in enacting said chapter 325, the Legislature intended to benefit the "fire department” that was therein incorporated, i.e., the present and future members of Kingston fire companies. Since paid firemen are not now, and heretofore have not *812 been, organized in companies, they may not share the said tax moneys.
Furthermore, in 1939 the Legislature enacted a special law (see L 1939, ch 734) which stated, in part, that ”[u]pon the disbandment of any of the companies comprising the volunteer fire department of the city of Kingston, there shall be paid by the * * * officer receiving the taxes upon foreign fire insurance premiums on risks located in the city of Kingston to the Exempt Firemen’s Association of the city of Kingston * * * such proportion of such taxes as the number of companies so disbanded bears to the total number of companies comprising such volunteer fire department on the first day of January, nineteen hundred thirty-nine * * * [to] be used by such corporation for the care and relief of disabled or indigent volunteer and exempt firemen and their families”. It is to be noted that upon the disbandment of all of the volunteer fire companies mentioned in the statute, the Exempt Firemen’s Association of the City of Kingston would be entitled to receive all of the said tax moneys. Said chapter 734 contemplates that all of the said tax moneys which are allocable to the City of Kingston must be exclusively applied for the use and benefit of volunteer firemen and the representative of disbanded volunteer companies and that no portion thereof be used to benefit paid firemen. The court must not ignore this clear manifestation of legislative intention and must, therefore, grant a corresponding judgment.
In arriving at this result, the court has not overlooked the provision which was inserted in the city charter by section 30 of chapter 611 of the Laws of 1915 (see Kingston City Charter, § 106) that says that the board of fire commissioners will cause to be paid over to the corporation known as the "’fire department of the city of kingston’” the moneys which become payable pursuant to section 133 of the Insurance Law (now Insurance Law, §§ 553, 554) "to be used and expended by it for the purposes set forth in said section of the Insurance Law”. Those purposes, of course, are to benefit all firemen, paid and volunteer (Wilcox v Schenck, supra). However, after considering all of the pertinent statutes, the court concludes that the current method of distributing the said tax moneys is correct and a declaratory judgment to that effect will be granted.