■ ERNIE RENN et al., Appellants, v ORVAL KIMBARK et al., Individually and Constituting the Board of Trustees of the KINGSTON FIRE DEPARTMENT FUND, INC., Respondents.—Appeal from a judgment of the Supreme Court, entered January 17, 1978 in Ulster County, upon the decision of the court at a Trial Term, without a jury, which declared that the 2% tax levied by sections 553 and 554 of the Insurance Law continue to be paid to the Kingston Fire Department Fund, Inc. Generally, voluntary firemen have no preference over paid firemen in sharing the 2% tax levied by sections 553 and 554 of the Insurance Law on fire insurance premiums paid by insureds to foreign insurance companies for insurance coverage on properties within the city *(Wilcox v Schenck,* 52 AD2d 349; *Cary v City of Oneida,* 158 App Div 773). Trial Term found that the general rule had been, in this case, superseded by special legislative enactments. We concur. The Fire Department of the City of Kingston was established by special law (L 1879, ch 325, § 1) at a time when fire protection was rendered totally by voluntary fire companies. In 1907, the City of Kingston established a paid fire department and it is a part of the Fire Department of the City of Kingston (see Kingston City Charter, § 107). In 1915, a provision was inserted into the Kingston City Charter (L 1915, ch 611, § 30; Kingston City Charter, § 106) which directed payment of the 2% fire insurance premium tax to the "treasurer of the * * * board of fire commissioners" and then to the treasurer of the "fire department of the City of Kingston" as it was chartered in 1879, instead of direct payments to the board of trustees of the fire department, as had been the case since 1879 (L 1879, ch 325, § 5). In 1939, another special law directed that the treasurer of the board of fire commissioners pay to the exempt Firemen's Association of the City of Kingston, a proportion of the 2% fire insurance premium tax which represented the ratio of the number of disbanded volunteer companies to the number of volunteer companies in existence on January 1, 1939 (L 1939, ch 734, § 1). Trial Term concluded that since the special enactment provided that the Exempt Firemen's

Association would get all of the tax proceeds in the event that every volunteer fire company disbanded, the paid firemen were not entitled to any portion of these proceeds. This seems to be the clear import of that provision and any resulting inequity must be remedied by the State Legislature or the City of Kingston, not by the courts (see *Exempt Volunteer Firemen's Assoc. of Lockport v City of Lockport,* 31 AD2d 311; *Fire Dept. of City of Rochester v City of Rochester,* 23 AD2d 183, affd 16 NY2d 933). Judgment affirmed, without costs. Mahoney, P. J., Greenblott and Main, JJ., concur.

Mikoll and Herlihy, JJ., dissent and vote to modify in the following memorandum by Herlihy, J. Herlihy, J. (dissenting). As recognized by the parties to this proceeding and acknowledged in the majority opinion, it is established that the Legislature intended that the funds raised by taxes pursuant to sections 553 and 554 of the Insurance Law be used for the benefit of all firemen of a local government or fire district and not just for volunteer firemen. (See *Wilcox v Schenck,* 52 AD2d 349, 350.) Further, this court has recently held that paid firemen are not excluded from participation in the benefit of such funds simply because they are civil service employees and not organized in companies *(Wilcox v Schenck, supra).* Chapter 325 of the Laws of 1879 created the "Fire Department of the City of Kingston" and provided that it was comprised of all of the members of then existing fire companies (which were in fact then volunteer) and companies "to be organized, by the common council of the city of Kingston, under the charter of said city". Since 1907, the Kingston City Charter has provided that the fire department included all firemen, paid or volunteer. Section 106 of the charter requires that all moneys paid over pursuant to sections 553 and 554 of the Insurance Law be paid to the fire department to be used for the purposes set forth in the Insurance Law. As noted hereinabove, those purposes include paid firemen *(Wilcox v Schenck, supra).* To construe chapter 325 of the Laws of 1879 as excluding paid firemen from the benefit of the taxes herein considered is to put an unduly restrictive interpretation on the legislative intent, and it is contrary to the pragmatic interpretation adopted by the city charter. The Legislature, by virtue of chapter 734 of the Laws of 1939, expressly provided that the Exempt Firemen's Association would get the proportion of taxes as the number of companies disbanded bears to the "number of companies comprising such volunteer fire department on the first day of January, nineteen hundred thirty-nine." By implication, the Legislature was directing that the "care and relief of disabled or indigent volunteers and exempt firemen and their families" would receive a preferential share of the insurance taxes if there were disbanded volunteer companies. However, the mere existence of such a benefit preference together with the knowledge that *if* all of the 1939 volunteer companies disbanded the Exempt Firemen's Association would receive *all* of the taxes is not persuasive that there was any legislative intent to appropriate all of the taxes for the benefit of volunteer firemen to the exclusion of paid firemen. We agree that any resulting inequity must be remedied by the Legislature or the City of Kingston and not by the courts. The judgment should be modified by striking the present decretal paragraph denominated "(a)" and substituting therefor a paragraph providing that "(a) the tax funds presently held and future tax moneys be paid pursuant to sections 553 and 554 of the Insurance Law for the use and benefit of the Fire Department of the City of Kingston, hereby found to consist of the city paid firemen as well as the present recipients;" and, as so modified, the judgment should be affirmed. [92 Misc 2d 810.]