■ ERNIE RENN et al., Appellants, v ORVAL KIMBARK et al., Individually and Constituting the Board of Trustees of the Kingston Fire Department Fund, Inc., Respondents.—Levine, J. Appeal from an order of the Supreme Court, entered August 29, 1984 in Ulster County, upon a decision of the court at Trial Term (Williams, J.), without a jury, which declared the percentage share and distribution to the paid and volunteer firemen of the Kingston Fire Department and to the Kingston Exempt Firemen's Association of moneys received under Insurance Law former §§ 553 and 554.

Under Insurance Law former §§ 553 and 554 (renum Insurance Law §§ 9104, 9105) and its predecessor statutes, beginning in 1849, a percentage tax had been levied upon premiums paid to foreign insurance companies for fire insurance on properties in each city, village and fire district for the use and benefit of the fire fighters of those departments. Although the City of Kingston established a paid fire fighting force as part of its fire department in 1907, these funds, before the instant litigation, were applied for the benefit of the Kingston Fire Department's volunteer fire companies and, after 1939, the Kingston Exempt Firemen's Association (Association). Under a

special law enacted in 1939 (L 1939, ch 734), a portion of the tax proceeds was required to be distributed to the Association in an amount represented by the ratio of disbanded volunteer fire companies to the total number of volunteer companies in existence on January 1, 1939.

In 1974, plaintiffs, the entire paid, professional fire fighting force of the Kingston Fire Department, brought the instant action for a declaration that they were entitled to share in the funds along with the volunteer companies. Ultimately, plaintiffs were successful in obtaining a ruling by the Court of Appeals in their favor *(Renn v Kimbark,* 51 NY2d 189). The parties, however, were unable to agree upon the implementation of the Court of Appeals decision. The matter was submitted to Trial Term for resolution. It was plaintiffs' position that, since the paid fire fighting force is primarily responsible for fire control in the City of Kingston, it should receive a share of the funds commensurate with its greater responsibilities. In support of their position, plaintiffs introduced statistical and other evidence showing the respective hours spent on fire fighting by the professional and volunteer companies, their respective responses to alarms, the average number of volunteers attending fires and the number of volunteers who were certified as having gone through the requisite training to be permitted to participate in actual fire fighting operations. Trial Term, however, determined that the tax proceeds should be allocated as between paid and volunteer fire fighters strictly on a pro rata basis from their respective active membership rosters. The court further determined that the portion of the funds allocable to the Association under the 1939 special legislation should come out of the volunteer companies' share. This appeal by plaintiffs followed.

The order should be affirmed. Contrary to plaintiffs' contention, neither the statutory provisions nor the language of the decision in *Renn v Kimbark (supra)* supports any disproportionate allocation of the foreign insurance company premium taxes to the professional fire fighters. The applicable provisions of the Insurance Law (former §§ 553, 554, renum § 9104 [a]; § 9105 [d] [2]) direct that, in general, the tax proceeds are to be paid to the unitary fire department of the particular city, village or fire district, and *Renn v Kimbark (supra)* and the cases relied on therein *(see, Wilcox v Schenck,* 52 AD2d 349, 351; *Eisinger v Stern,* 57 Misc 2d 16, 21; *Amsterdam Permanent Firemen's Assn. v City of Amsterdam,* 40 Misc 2d 323, 327) have ruled that such single department is composed of both its paid and volunteer fire fighters for purposes of

distributing the tax proceeds. Other cases cited in *Renn* explicitly hold that all members of each single department are to share in the funds on a pro rata basis, without discrimination as between paid and volunteer fire fighters *(see, Exempt Volunteer Firemen's Assn. v City of Lockport,* 31 AD2d 311, 312; *Cary v City of Oneida,* 158 App Div 773, 777). This was so despite recognition that the paid fire fighters commonly shoulder the main responsibilities in a department *(see, Eisinger v Stern, supra,* p 18).

Plaintiffs' argument that the intent of the statute was to confer benefits solely upon those members of fire departments actively engaged in actual fire fighting is negated by the provisions of the 1939 special law directing that a portion of the tax proceeds be distributed to the Association for the benefit of disabled and retired *former* volunteer firemen. Accordingly, we find no reason to disturb the allocation of the tax proceeds as determined by Trial Term.

Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.