■ EDWARD BRUNO, on Behalf of Himself and All Other Paid Members of the Fire Department of the City of Mount Vernon, Similarly Situated, Appellant, v LOVELL R. WALDER et al., Respondents. — In an action, *inter alia,* pursuant to sections 553 and 554 of the Insurance Law, to recover moneys collected for the benefit of firefighters, the plaintiff appeals from an order of the Supreme Court, Westchester County (Walsh, J.), entered April 26, 1979, which granted the defendants' motion for summary judgment and dismissed the complaint. Order reversed, on the law, with $50 costs and disbursements, and motion denied. On the court's own motion, the action is converted into one for a declaratory judgment and it is declared that the plaintiff *henceforth* is entitled to share ratably in the tax funds presently held and in the future tax moneys which shall hereinafter be received by the defendants pursuant to sections 553 and 554 of the Insurance Law for "the care of indigent and disabled firemen [of the City of Mount Vernon] and their families" (L 1894, ch 111, § 6). In 1894, when the special enactment creating the Firemen's Benevolent Fund Association of the City of Mount Vernon was passed by the State Legislature, all of the firefighters in the City of Mount Vernon were volunteers. In the late 1920's, however, the city began to hire a small number of paid firemen. Thereafter, and in 1930, the association filed an amended certificate of incorporation which (1) restricted its membership to volunteers and (2) limited the class of beneficiaries of the tax moneys (see Insurance Law, §§ 553, 554) to be distributed by it to volunteers (see *Matter of Crohn v Firemen's Benevolent Fund Assn. of City of Mount Vernon,* 79 Misc 2d 536, affd 45 AD2d 955). In 1973 the paid firemen instituted a CPLR article 78 proceeding seeking membership in the recipient organization. A favorable determination would have resulted in

the petitioners' enjoyment of the benefits of the fund. This result was noted in that proceeding by Special Term, which found, however, that the amendment restricting membership to volunteers was a valid exercise of the organization's power under section 30 of the former Membership Corporations Law (L 1926, ch 722) and which therefore decided that the denial of the petitioners' membership applications was proper (see *Matter of Crohn, supra)*. Thereafter, in 1975, the plaintiff instituted this present action seeking (1) restitution of the proportionate share of the moneys due paid firemen from 1969, (2) an accounting, and (3) the removal of the officers of the recipient organization. The defendants responded by answer and asserted as an affirmative defense that the action was barred because the issue had been decided. The defendants, in 1979, moved for summary judgment. Special Term held that the question of benefit eligibility had been decided in *Matter of Crohn (supra)* and granted the motion. We disagree. Special Term's analysis is based on the ultimate result of the holding in *Crohn,* rather than the issues that were actually determined. In *Matter of Crohn (supra),* the only question before the court was whether paid firemen could be denied *membership* in the recipient organization by virtue of the organization's amendment of its certificate of incorporation. As noted, the court resolved the issue against the said firemen, thereby excluding them from the group of firemen who were eligible for fund benefits on the basis of their membership. However, no argument was made therein that the recipient organization could not limit the class of *beneficiaries* through a charter amendment. That issue is before the court in the present action. It is true that the Insurance Law creates no preference among groups of firemen, i.e., between paid firemen and volunteers *(Wilcox v Schenck,* 52 AD2d 349). A preference can be created by a special enactment, but the intent of the Legislature to do so must be clearly expressed (see *Renn v Kimbark,* 51 NY2d 189). In this case (i.e., L 1894, ch 111), the Legislature expressed no such exclusionary intent. Thus, the inquiry in the case at bar concerns the validity of an amendment to the recipient organization's certificate of incorporation limiting the class of beneficiaries in violation of the legislative intent. We hold that the unrestricted intent of the Legislature cannot be changed by way of an amendment to the certificate of incorporation. We note that the amendment restricting membership to volunteers has been held to be a proper exercise of the organization's power under section 30 of the former Membership Corporations Law (L 1926, ch 722). But membership is a substantial organizational concern. Definition of the class of beneficiaries is not. Fund eligibility was broadly defined by the Legislature (see Insurance Law, §§ 553, 554), and is not related to the organization's function or purpose as articulated in the special enactment creating it. Under section 30 of the former Membership Corporations Law (L 1926, ch 722), the statute pursuant to which the certificate of incorporation was purportedly amended, the corporate purpose could be changed by amendment provided "that no corporation organized by or under a *special law* shall change the general character of its business as authorized by such special law" (emphasis supplied; cf. Not-For-Profit Corporation Law, art 8). In this case, the special enactment created the benevolent association for the purpose of receiving the insurance tax moneys and distributing them for the benefit of indigent firemen and their families, but not for the purpose of regulating the class of beneficiaries thereof. Thus, the defendants may not, by amendment, qualify the class of beneficiaries by limiting it to volunteers where no such restriction appears in the legislative enactment creating the fund (Insurance Law, §§ 553, 554). The volunteer organization had no such delegation of power and could not override the legislative intent. This action has been converted to one for a declaratory judgment so that the plaintiff may be permitted to recover prospectively. The relief requested in the original

complaint would have been barred by laches. Damiani, J. P., Gibbons, Gulotta and Weinstein, JJ., concur.