■ . UNIFORMED FIRE OFFICERS ASSOCIATION OF THE PAID FIRE DEPARTMENT OF THE CITY OF YONKERS et al., Appellants, v MUTUAL AID ASSOCIATION OF THE PAID FIRE DEPARTMENT OF THE CITY OF YONKERS, NEW YORK, INC. — LOCAL 628, I.A.F.F. AFL-CIO, Respondent. — In an action for declaratory and injunctive relief, the plaintiffs appeal, as limited by their notices of appeal and brief, from those portions of an order of the Supreme Court, Westchester County (Rubin, J.), dated December 13, 1978, and the judgment entered thereon on April 23, 1979, which declared that the defendant could limit participation in tax funds under sections 553 and 554 of the Insurance Law to indigent members of its organization. Appeal from the order dismissed as academic (see *Matter of Aho,* 39 NY2d 241). Judgment reversed insofar as appealed from, on the law, and it is declared that the defendant must use the moneys in question "for the care of indigent and disabled firemen and their

families" irrespective of their membership or lack thereof in the defendant organization. Appellants are awarded one bill of $50 costs and disbursements to cover both appeals. In accordance with the provisions of chapter 920 of the Laws of 1962, the defendant became the recipient of Yonkers' share of tax moneys amassed pursuant to sections 553 and 554 of the Insurance Law. At that time, the defendant was the designated bargaining representative of all paid firemen in the City of Yonkers. Recipient status had been formerly held by the Exempt Firemen's Benevolent Association. While the special enactment changed the recipient of the funds, it did not change their purpose. The moneys were to be continued to be used "for the care of indigent and disabled firemen and their families" (L 1962, ch 920, § 1). In 1971 the plaintiff association was certified as the bargaining representative for all fire officers in the City of Yonkers. Firemen continued to be represented by the defendant. Apparently in an effort to protect its membership roster, the defendant passed a by-law which limited the use of the subject funds to indigent and disabled *members* of the defendant and thereafter refused to distribute moneys from the fund to members of the plaintiff association who had canceled their membership in the defendant. The plaintiff association and its members who have been denied benefits on that rationale, have chosen to litigate the question of benefit eligibility in this action. In its analysis, Special Term compared the policy underlying the change in the defendant's by-law to the policy underlying the amendment of the certificate of incorporation by the recipient organization in *Matter of Crohn v Firemen's Benevolent Fund Assn. of City of Mount Vernon* (79 Misc 2d 536, affd 45 AD2d 955). That amendment limited membership in the recipient organization and participation in the benefits of a similar fund to volunteer firemen. Special Term found that the purpose of the defendant's by-law was the inclusion of fire officers in the firemen's union while the purpose of the amendment in *Matter of Crohn* was the exclusion of paid firemen from the benefits of the fund. Special Term concluded that since the amendment in *Crohn* was valid, the by-law herein was also valid because it did not create a preference between firemen. The by-law required membership as a prerequisite to participation in the fund, but all could join the recipient organization. We believe that the wrong comparison was drawn and that, therefore, the issues were misfocused. Initially, we note that in *Matter of Crohn (supra),* the recipient organization's amendment limiting the fund's class of beneficiaries was not in issue (see *Bruno v Walder,* 82 AD2d 903). The paid firemen merely sought the right of membership in the recipient organization which would have resulted in fund eligibility. The amendment *restricting* membership was found proper. But since the limitation on fund eligibility was never considered, no comparison should have been made to this case. That same amendment, limiting the class of beneficiaries, has come up for review in *Bruno v Walder (supra).* This court has determined that the recipient organization is without power to limit the broad class of beneficiaries in contravention of the legislative intent. In this case, the offending by-law should have been compared with the Legislature's intended purpose for the funds. Special Term reasoned that since the by-law did not exclude anyone from membership in the recipient organization, it was valid. It therefore equated the recipient organization with the beneficiary class. This equation is inconsistent with the legislative intent expressed in the special enactment. As defined therein, the beneficiary class is indigent and disabled firemen. The class is not limited by the prerequisite of membership in the recipient organization. Without such an express limitation in the special enactment, all firemen in the locality are entitled to share in the benefits amassed pursuant to sections 553 and 554 of the Insurance Law (see *Renn v Kimbark,* 51 NY2d 189). Thus, the by-law cannot qualify eligibility for fund benefits. This determination is strengthened by the observation that the

purpose of this special enactment was to change recipient organizations. Undoubtedly, there were some members of the former recipient who were not members of the defendant at the time of the change. If the Legislature had meant to exclude those members of the former recipient organization from the beneficiary class, it would have expressed that intent explicitly. We note also that an implied qualification on the beneficiary class consistent with the defendant's by-laws would be inconsistent with the fund's purpose. The moneys are collected from the insurers to aid firemen, not to bolster the membership of the recipient organization in its rivalry with a competing union. Accordingly, we reverse. The by-law is inconsistent with both the legislative intent and the underlying purpose of the fund. Damiani, J.P., Lazer, Mangano and Gibbons, JJ., concur.