■ CITY OF POUGHKEEPSIE, Respondent-Appellant, v POUGH-KEEPSIE ASSOCIATED FIRE DEPARTMENT, Appellant-Respondent. BRIAN MacISAAC, Intervenor-Respondent-Appellant.—In an action, inter alia, to recover moneys collected by the defendant Poughkeepsie Associated Fire Department pursuant to Insurance Law former §§ 553 and 554 (now §§ 9104 and 9105, respectively), the parties appeal and cross-appeal from stated portions of an order of the Supreme Court, Dutchess County (Coppola, J.), dated September 16, 1985, which, upon converting the action to one for a judgment declaring the rights of the parties to the moneys in question, declared, inter alia, that those moneys are to be divided between paid firemen and volunteer firemen on a pro rata basis.

Ordered that the order is modified, by adding a provision declaring that the chief financial officer of the City of Poughkeepsie is the proper recipient of the future proceeds to which the firefighters of the City of Poughkeepsie are entitled, generated pursuant to Insurance Law §§ 9104 and 9105. As so modified, the order is affirmed, without costs or disbursements.

Absent an express legislative enactment precluding the paid firefighters of a particular city from sharing in the proceeds generated pursuant to Insurance Law §§ 9104 and 9105, the proceeds must be shared by all fire departments affording fire protection, for "[t]o deprive these firefighters of the benefits afforded them by the Insurance Law without a clear direction to do so from the Legislature is contrary to the avowed purpose of the statute to assist those affording fire protection" (Renn v Kimbark, 51 NY2d 189, 195). Although the defendant association, which represents the volunteer firefighters, has been accorded the right to share in the benefits provided by Insurance Law §§ 9104 and 9105 through a special act of the Legislature (see, L 1943, ch 582, § 1), it has not been accorded

the right to be paid *all* of the proceeds generated therefrom, nor have the paid firefighters been expressly precluded from sharing in these proceeds. Accordingly, the court correctly declared that these proceeds must be shared by both the paid and volunteer firemen (who are represented by the defendant) *(see, Renn v Kimbark, supra,* at p 195).

In light of the fact that the City of Poughkeepsie has no Fire Department Treasurer, and the defendant association, pursuant to special enactment, is entitled to receive only that portion of the proceeds that is to be applied for the use and benefit of the volunteer and exempt firemen *(see,* L 1943, ch 582 *op. cit.),* the chief fiscal officer of the City of Poughkeepsie is the proper recipient of these proceeds *(see,* Insurance Law §§ 9104, 9105). We note, however, that the city fiscal officer is statutorily obligated to disburse these funds "for the use and benefit of [the] fire department and the company or companies comprising the same" (Insurance Law § 9104 [a]; *see also,* Insurance Law § 9105). These moneys are not intended to be used for general purposes which are normally considered municipal charges *(see, Eisinger v Stern,* 57 Misc 2d 16, 21-22; *Amsterdam Permanent Firemen's Assn. v City of Amsterdam,* 40 Misc 2d 323).

The appointment of a Referee to determine the total amount of proceeds received by the defendant association and the pro rata share to which the paid firemen are entitled was entirely proper. In so doing, the trial court removed a complicated and intricate issue of fact involving the examination of lengthy accounts from an ordinary court so that the issue could be more effectively and expeditiously determined by an impartial person who possesses the necessary expertise and competence to deal with the area in question *(see,* CPLR 4317 [b]; *Glass v Thompson,* 51 AD2d 69, 76). Mollen, P. J., Brown, Weinstein and Rubin, JJ., concur.