Bernard Van Orman et al., Appellants, v Richard Slade et al., Respondents.

Third Department, April 2, 1987

## APPEARANCES OF COUNSEL

*Thomas F. DeSoye* for appellants.

*Ralph W. Nash* for Richard Slade and others, respondents.

*John A. Ward* for Volunteer Fire Companies, respondents.

*William P. Sullivan, Jr.,* for Veteran Volunteer Firemen's Association, Inc., respondent.

## OPINION OF THE COURT

MAHONEY, P. J.

Insurance Law §§ 9104 and 9105 impose upon foreign carriers and foreign mutual fire insurance carriers a 2% tax on premiums collected to be paid back to the fiscal authorities in the fire departments of the various municipalities wherein the foreign carriers provide fire insurance. In the City of Ithaca, Tompkins County, the proceeds of the 2% tax have been distributed exclusively among funds which exist for the benefit of volunteer firefighters. Professional firefighters have never received a share of said proceeds. In this action, plaintiffs represent the city's paid firefighters. Defendants are the trustees of the two firemen's relief funds and, among others, the city itself.

The city's charter was amended in 1921 by State legislative enactment so as to designate the Ithaca Board of Fire Commissioners as trustees for two firemen's relief funds. The first, to be funded from one half of the proceeds of the 2% tax, was to be accumulated for the benefit of "sick, indigent or disabled firemen" (L 1921, ch 512, § 1). With respect to this fund, the 1921 amendment did not distinguish between paid and volunteer firefighters. The second fund was to receive the other one half of the proceeds from the 2% tax. It was to benefit the Veteran Volunteer Firemen's Association of Ithaca.

Subsequent to the passage of the 1923 "home rule" amendment to the NY Constitution and the subsequent enactment of the City Home Rule Law (L 1924, ch 363), the city amended

its charter by local law. The pertinent amended sections were Ithaca City Charter, article VI, § 6.4 (8) and (9).

Plaintiffs requested to receive an equal share of the proceeds of the 2% tax. The Board of Fire Commissioners denied this request. Thereafter, plaintiffs commenced the present action wherein they sought, in a fourth cause of action in the complaint, a declaratory judgment declaring that Ithaca City Charter, article VI, § 6.4 (8) and (9) were illegal and void. The gravamen of plaintiffs' fourth cause of action was that subdivisions (8) and (9), to the extent that they precluded the city's professional firefighters from receiving any portion of the proceeds of the 2% tax, were in derogation of the legislative intent behind Insurance Law §§ 9104 and 9105.

After a motion by one of the defendants seeking, *inter alia,* to dismiss plaintiffs' fourth cause of action, plaintiffs cross-moved for summary judgment on the fourth cause of action. Special Term granted only partial summary judgment with respect to this cause of action, finding that portions of subdivision (8) were illegal and void. This appeal by plaintiffs, who insist that summary relief in their favor should have been granted with respect to the entire fourth cause of action, ensued.

The Court of Appeals has stated that both paid and volunteer firemen are entitled to share ratably in the proceeds of the 2% tax, unless there is an "express legislative enactment" precluding professional firemen from participating in these proceeds *(Renn v Kimbark,* 51 NY2d 189, 194; *see, Renn v Kimbark,* 115 AD2d 112, 113-114, *lv denied* 68 NY2d 663). While the parties herein do not dispute the applicability of *Renn,* nor its requirement of a special exclusionary enactment, they differ as to what legislative body (or bodies) is empowered to enact provisions which will satisfy the *Renn* requirement.

■ Special Term, relying on the 1921 amendment, clearly stated that *Renn (supra)* requires a State-legislated preference in favor of volunteers in order to preclude professional firefighters from receiving their share of the proceeds of the 2% tax. Defendants contend that the 1924 enactment of the City Home Rule Law, which authorized the amendment of the city charter so as to include subdivision (8) of article VI, § 6.4, was sufficient to satisfy *Renn* since, under theories of municipal home rule, the issue of beneficiaries under Insurance Law §§ 9104 and 9105 is primarily one of local concern. We agree.

Local governments are endowed with the power "to adopt and amend local laws not inconsistent * * * with any general law relating to [their] property, affairs or government" (Municipal Home Rule Law § 10 [1] [i]; *see,* NY Const art IX). *Renn (supra)* clearly provides that legislation that alters the beneficiaries of the proceeds of the 2% tax, insofar as it is inconsistent with Insurance Law §§ 9104 and 9105, is permissible. Next, this State's home rule legislation evinces "a recognition that essentially local problems should be dealt with locally and that effective local self-government is the desired objective" *(Matter of Kelly v McGee,* 57 NY2d 522, 535). In this context, it is our view that the city charter provisions at issue herein should carry as much weight as the 1921 amendment. Both the local enactments and the 1921 amendment accomplished the same thing; they both amended the city charter. It is merely fortuitous that, in 1921, a local charter amendment required the sanction of the State Legislature, whereas today, as a result of the home rule amendment to the NY Constitution and the subsequent enactment of the City Home Rule Law, the same result may be obtained pursuant to local enactment.

While we recognize that defendants did not appeal from that part of Special Term's order which denied defendants' motion to dismiss the fourth cause of action and granted partial summary judgment to plaintiffs on their fourth cause of action, we, nevertheless, choose to exercise our power to grant summary judgment to a nonappealing party since no material issue of fact exists and defendants are entitled to judgment as a matter of law *(see,* CPLR 3212 [b]; *Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110-112).

KANE, CASEY, WEISS and LEVINE, JJ., concur.

Order reversed, on the law, without costs, plaintiffs' cross motion denied, and summary judgment granted to defendants dismissing the fourth cause of action of the amended complaint.