BRIAN MacISAAC, Respondent, v CITY OF POUGHKEEPSIE, Appellant, and POUGHKEEPSIE ASSOCIATED FIRE DEPARTMENT, Respondent.

Third Department, June 28, 1990

APPEARANCES OF COUNSEL

*Richard I. Cantor* for appellant.

*Crane, Wolfson, Roberts & Greller (William G. Crane* of counsel), for Brian MacIsaac, respondent.

*O'Donnell & O'Donnell (Charles O'Donnell, Jr.,* of counsel), for Poughkeepsie Associated Fire Department, respondent.

### OPINION OF THE COURT

Mahoney, P. J.

On March 7, 1988 the Common Council of defendant City of Poughkeepsie adopted a local law amending its charter laws by adding section 159. The new local law, *inter alia,* authorized the city's chief fiscal officer to spend the tax proceeds

generated by Insurance Law §§ 9104 and 9105[1] for, *inter alia,* acquisition, construction and maintenance of firehouses and the purchase and care of the requisite vehicles and equipment necessary for the operation of a municipal fire department. The local law was also intended to supplement the provisions of the above-identified sections of the Insurance Law and to constitute local legislation relating to the property and government of the city as authorized by the Municipal Home Rule Law and the NY Constitution.

In April 1988, plaintiff commenced this action seeking a judgment declaring the subject local law invalid and/or unconstitutional and requesting a permanent injunction against its implementation and enforcement. Subsequently, plaintiff moved for a preliminary injunction enjoining enforcement of the local law and the city made a cross motion for summary judgment issuing a declaration on the validity of the local law. Defendant Poughkeepsie Associated Fire Department (hereinafter PAFD) cross-moved for summary judgment declaring the local law, *inter alia,* unconstitutional. Supreme Court granted plaintiff's motion and PAFD's cross motion for summary judgment, denied the city's cross motion and declared the local law invalid and unconstitutional. Thus, the court enjoined the city from appropriating or spending any of the tax proceeds until the ultimate issue of the division of the tax proceeds and their proper application was resolved.[2] This appeal by the city ensued.[3]

Before addressing the merits, we reject plaintiff's position that the prior decision reached by the Second Department in *City of Poughkeepsie v Poughkeepsie Associated Fire Dept.* (125 AD2d 522, *lv dismissed* 69 NY2d 1038) is dispositive of this matter on res judicata grounds. In that case the city did not have a full and fair opportunity to litigate the issue of whether the city could designate the manner in which the tax proceeds could be expended. The central issue in the prior matter was whether the tax proceeds should be divided between the paid and volunteer firemen.

---

1. These sections of the Insurance Law provide for taxes to be paid by foreign and alien fire insurance companies and for these tax proceeds to then be distributed to the respective fire departments and fire companies affording said insurance companies fire protection.

2. These other issues apparently are the subject of a related action pending in Supreme Court.

3. Despite its participation before Supreme Court, the record reveals that PAFD is in default in pleading and thus cannot be considered a party to this appeal.

■ Turning to the merits, we concur in the contentions of plaintiff that it has been clearly established that the tax proceeds generated by Insurance Law §§ 9104 and 9105 are intended for the personal use and benefit of municipal fire department members and cannot be used for general purposes that are normally considered municipal charges, such as those set forth in the subject local law *(see, supra,* at 523; *see also, Wilcox v Schenck,* 52 AD2d 349, 351). Accordingly, we affirm Supreme Court's declaration that the subject local law is invalid as unconstitutional *(see,* NY Const, art IX, § 2 [c]). The sections of the Insurance Law in question indicate that it was not the legislative intent that the tax proceeds be used for such general municipal purposes as the construction, maintenance and repair of firehouses or other fire equipment. More specifically, the Second Department in the prior case stated, "These moneys are not intended to be used for general purposes which are normally considered municipal charges" *(City of Poughkeepsie v Poughkeepsie Associated Fire Dept., supra,* at 523). Further, the State Comptroller has consistently taken the position that the municipality may not require that tax proceeds generated by Insurance Law §§ 9104 and 9105 be used to purchase equipment since such purchases for ordinary operating equipment are the responsibility of the municipality *(see, e.g.,* 1979 Opns St Comp No. 79-680, at 138). Thus, the legislation is clear that the tax proceeds generated by the applicable provisions of the Insurance Law must be expended solely for the personal benefit of the fire department members, so that the local law's contrary provision for using the proceeds for general municipal purposes constitutes an unconstitutional exercise of power.

Next, we are not persuaded from our view that the city's amendment to its charter laws is an unconstitutional assertion of municipal authority by the city's contention that the validity of the local law must be reviewed in the context of two time frames, the periods before and after the recent amendments to Insurance Law §§ 9104 and 9105 (L 1988, ch 293). Before and after the effective date of the amendments, it was always the legislative intent for the tax proceeds to be used for the applicable fire department members and the amendments were utilized to make the statutes uniform and to clear up any confusion on the proper procedure to be followed by recipients of the tax moneys *(see,* mem of Sen. Joseph L. Bruno, 1988 NY Legis Ann, at 143). There was no indication of any intent to alter the purpose for which the tax

proceeds could be expended. The Legislature did not delegate any rule-making authority. Instead, the amendments provide a standard for guiding the fire departments in their expenditure of the tax proceeds by expressly stating that the purpose of the expenditures must be for their benefit.

▮ Both this court and the Second Department have addressed the question of the purposes for which the tax proceeds generated by Insurance Law §§ 9104 and 9105 may properly be expended. This court adopted the view that " '[t]he legislature did not intend [the tax proceeds] to be used for general purposes such as the purchase of fire trucks or equipment of the Fire Department which may be considered municipal charges' " (Wilcox v Schenck, 52 AD2d 349, 351, supra, quoting Supreme Court's decision in the case). As noted earlier, the Second Department in City of Poughkeepsie v Poughkeepsie Associated Fire Dept. (supra) also stated that the tax proceeds were "not intended to be used for general purposes which are normally considered municipal charges" (supra, at 523). Further, to insure that its purpose for the expenditure of the tax revenues was met, the Legislature has preempted any local exercise of police power by the passage and amendments to Insurance Law §§ 9104 and 9105, which specifically prohibit contrary municipal enactments (see, Insurance Law § 9104 [g]; § 9105 [e]; Jancyn Mfg. Corp. v County of Suffolk, 71 NY2d 91, 96-97; New York State Club Assn. v City of New York, 69 NY2d 211, 217, affd 487 US 1; see also, Municipal Home Rule Law § 10 [1] [ii]). Next, the Court of Appeals has held that the Legislature's intent to preempt "may be implied from the nature of the subject matter being regulated and the purpose and scope of the State legislative scheme" (Albany Area Bldrs. Assn. v Town of Guilderland, 74 NY2d 372, 377). Here, it is clear that the State has evidenced its intent to occupy the field (see, supra; see also, Matter of Lansdown Entertainment Corp. v New York City Dept. of Consumer Affairs, 74 NY2d 761, 765).

We are, therefore, constrained to find the subject local law in direct conflict with Insurance Law §§ 9104 and 9105 and inconsistent with the legislative mandate that the tax proceeds be used only for the personal benefit of the city's firefighters.

Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.

Order and judgment affirmed, with costs to plaintiff.