■ CITY OF POUGHKEEPSIE, Appellant, v POUGHKEEPSIE ASSO-CIATED FIRE DEPARTMENT et al., Respondents. (Action No. 1.) BRIAN MacISAAC, Respondent, v CITY OF POUGHKEEPSIE, Appellant, et al., Defendant. (Action No. 2.) [610 NYS2d 536] —In two actions, inter alia, to recover moneys collected by the Poughkeepsie Associated Fire Department and the City of Poughkeepsie, pursuant to former Insurance Law §§ 553 and 554 (now §§ 9104, 9105, respectively), the City of Poughkeepsie appeals from an amended order and judgment (one paper) of the Supreme Court, Dutchess County (Jiudice, J.), which confirmed a Referee's report, dated February 3, 1992, determining, inter alia, the amount, with interest, of those moneys and their appropriate division between paid and volunteer fire fighters.

Ordered that the amended order and judgment is affirmed, with one bill of costs; and it is further,

Ordered that the parties are directed to appear at this Court on May 11, 1994, at 12:00 Noon, for a hearing pursuant to 22 NYCRR 130-1.1 (c) upon the issue of the imposition of appropriate sanctions or costs, if any, against the appellant.

This appeal is the most recent in a series of efforts by the City of Poughkeepsie to frustrate the 1986 decision of this Court that moneys collected pursuant to former Insurance Law §§ 553 and 554 (now §§ 9104, 9105, respectively) had to be divided between paid and volunteer fire fighters on a pro rata basis (see, City of Poughkeepsie v Poughkeepsie Associated Fire Dept., 125 AD2d 522). The City responded to this Court's decision by adopting a local law to permit it to spend the disputed moneys for fire fighting equipment and related expenses. In 1990 the Appellate Division, Third Department, declared this local law unconstitutional (see, MacIsaac v City of Poughkeepsie, 158 AD2d 140).

In our 1986 decision this Court affirmed the appointment by the Supreme Court of a Referee to determine the amount of the disputed moneys held by the City and the pro rata shares to which the paid and volunteer fire fighters were entitled *(see, City of Poughkeepsie v Poughkeepsie Associated Fire Dept., supra,* at 523). The Referee ultimately issued a report on February 3, 1992, and thereafter a motion was made to confirm it. The City cross-moved to reject the Referee's report. In an amended order and judgment, dated April 13, 1992, the Supreme Court granted the motion, denied the cross motion, and confirmed the Referee's report. Following its unsuccessful cross motion, the City's attempt to appeal directly to the Court of Appeals was rejected *(see, City of Poughkeepsie v Poughkeepsie Associated Fire Dept.,* 80 NY2d 891) and it took an appeal to this Court.

We find that this appeal is "completely without merit in law or fact and cannot be supported by [any] reasonable argument for an extension, modification or reversal of existing law" (22 NYCRR 130-1.1 [c] [1]). It appears that the present appeal was "undertaken primarily to delay or prolong the resolution of the litigation" (22 NYCRR 130-1.1 [c] [2]). Due to the City's dilatory tactics, the respondent fire fighters have had to continually defend against the City's meritless refusal to abide by the rulings of the Supreme Court and the appellate courts.

Accordingly, the parties are directed to appear at this Court on May 11, 1994, at 12:00 Noon, for a hearing as to whether appropriate sanctions or costs should be imposed on the City, pursuant to 22 NYCRR 130-1.1 (c), and if so, in what amount. Lawrence, J. P., Joy, Friedmann and Krausman, JJ., concur.