■ ERNEST W. PILLIG, Individually and as President of the Pelham Paid Firefighters Association, et al., Respondents, v WALTER STRANGE, as President of the Pelham Fireman's Association, et al., Appellants. [658 NYS2d 82] —In an action, *inter alia,* to recover moneys collected by the defendant Pelham Fireman's Association pursuant to Insurance Law §§ 9104 and 9105, the defendants appeal from an order of the Supreme Court, Westchester County (Barone, J.), entered December 11, 1995, which granted the plaintiffs' motion for summary judgment.

Ordered that the order is affirmed, with costs.

Insurance Law §§ 9104 and 9105 provide that foreign and alien fire insurance companies and mutual fire insurance companies must pay a 2% tax on the amount of all premiums for insurance against loss or damage by fire, and that the money generated by the tax "shall * * * [be] distribute[d] * * * to the fire companies constituting the fire department if such fire department is constituted of more than one fire company". These sections apply to volunteer and paid firefighters alike *(see, Renn v Kimbark,* 51 NY2d 189; *Van Orman v Slade,* 126

AD2d 282; *Wilcox v Schenck,* 52 AD2d 349; *Fire Dept. v City of Rochester,* 23 AD2d 183, *affd* 16 NY2d 933). "Absent an express legislative enactment precluding the paid firefighters of a particular city from sharing in the proceeds generated pursuant to Insurance Law §§ 9104 and 9105, the proceeds must be shared by all fire departments affording fire protection" *(City of Poughkeepsie v Poughkeepsie Associated Fire Dept.,* 125 AD2d 522 [emphasis added]; *see, Renn v Kimbark, supra).*

In the absence of any material issues of fact, it was proper for the court to grant the plaintiffs' motion for summary judgment, declaring the entitlement of the plaintiffs, who are paid firefighters, to a pro rata share of the money generated by Insurance Law §§ 9104 and 9105 *(see, Renn v Kimbark, supra; Zuckerman v City of New York,* 49 NY2d 557; *City of Poughkeepsie v Poughkeepsie Associated Fire Dept., supra).*

The defendants' remaining contentions lack merit. Miller, J. P., Ritter, Joy and Krausman, JJ., concur.