■ TOWN OF MAMARONECK PROFESSIONAL FIREFIGHTERS ASSOCIATION, INC., LOCAL 898, et al., Appellants, v VOLUNTEER AND EXEMPT FIREMEN'S BENEVOLENT ASSOCIATION OF THE TOWN OF MAMARONECK, N.Y., et al., Respondents. [738 NYS2d 93] —In an action, inter alia, for a judgment declaring that the plaintiffs are entitled to a share of the proceeds of taxes collected pursuant to Insurance Law §§ 9104 and 9105, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Westchester County (Nastasi, J.), entered February 26, 2001, which granted the defendants' motion for summary judgment, denied their cross motion for summary judgment, and declared, inter alia, that the plaintiffs are not entitled to a share of the proceeds of taxes collected pursuant to Insurance Law §§ 9104 and 9105.

Ordered that the order and judgment is affirmed, with costs.

The Fire Department of the Town of Mamaroneck is comprised of both volunteer and exempt firefighters and paid professional firefighters. The plaintiffs are paid professional firefighters and their collective bargaining representative is the Town of Mamaroneck Professional Firefighters Association, Inc. (hereinafter the Union). In the instant action, the plaintiffs, pursuant to their status as paid firefighters and as the collective bargaining representative of paid firefighters, seek, among other things, a judgment declaring that they are entitled to a portion of taxes collected pursuant to Insurance

Law §§ 9104 and 9105 on certain fire insurance premiums covering property in the Town of Mamaroneck or the proportionate share of certain fire insurance premiums attributable to property in the Town of Mamaroneck.

The defendant Volunteer and Exempt Firemen's Benevolent Association (hereinafter the Benevolent Association) is the recipient of taxes collected pursuant to Insurance Law §§ 9104 and 9105. The Benevolent Association was created by special law of the Legislature (L 1955, ch 39). Pursuant to section 8 of chapter 39 of the Laws of 1955, the Benevolent Association is designated to receive all taxes collected pursuant to Insurance Law former § 553 (now Insurance Law § 9104), and the "share of the tax imposed by" Insurance Law former § 554 (now Insurance Law § 9105), "based upon the business written in the territory." Section 8 further provides that "[s]uch taxes shall only be used for the care and relief of disabled or indigent volunteer and exempt firemen and their families."

Insurance Law §§ 9104 and 9105 provide that the designated recipients for taxes collected under those statutes are either the fiscal officer of the fire department of the municipality, the fiscal officer of the municipality, or, in the case where there is a special law designating the entity entitled to receive the premium tax, the entity designated by that special law (see, Insurance Law § 9104 [a]; § 9105 [d] [2]). The plaintiff Union clearly has no right to receive a portion of the taxes collected.

In determining for whose benefit the taxes collected are to be used, the Insurance Law creates no preference favoring paid firefighters over volunteer and exempt firefighters (see, Pillig v Strange, 239 AD2d 568). The Court of Appeals has held that "in the absence of an express legislative enactment precluding the paid firemen of a particular city from sharing in the insurance premium tax, all firemen in the locality were entitled to share ratably in the funds collected pursuant to the Insurance Law" (Renn v Kimbark, 51 NY2d 189, 194-195; see, City of Poughkeepsie v Poughkeepsie Associated Fire Dept., 125 AD2d 522; Bruno v Walder, 82 AD2d 903, 904).

However, in the instant case, section 8 of chapter 39 of the Laws of 1955 mandates that the proceeds of the subject taxes "shall *only* be used for the care and relief of disabled or indigent volunteer and exempt firemen and their families" (emphasis added). Accordingly, the plaintiff firefighters, who are seeking benefits based upon their status as paid firefighters, are not entitled to share in the subject funds. Smith, J.P., Goldstein, McGinity and H. Miller, JJ., concur.