■ Andrew T. Watt, Jr., Individually and as President of Association, Inc., Local 3794, AFL-CIO, et al., Respondents, v Thomas Richardson, as President-Treasurer of Greece-Ridge Exempt Firemen Association and as Administrator of Firefighters Insurance Fund of Greece Ridge Fire Department and Ridge Road Fire District, et al., Appellants. [776 NYS2d 418]—

Appeal from a judgment (denominated order) of the Supreme Court, Monroe County (Harold L. Galloway, J.), entered August 18, 2003. The judgment, insofar as appealed from, denied those parts of defendants' motion seeking to convert the action into a CPLR article 78 proceeding, to dismiss the proceeding as barred by the statute of limitations, and to dismiss the complaint in its entirety and granted plaintiffs' cross motion for leave to amend the complaint to add a necessary party.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by granting judgment in favor of defendants as follows: "It is ADJUDGED AND DECLARED that plaintiffs are not entitled to a share of the proceeds of the two-percent funds collected pursuant to Insurance Law §§ 9104 and 9105 and as modified the judgment is affirmed without costs."

Memorandum: Plaintiffs commenced this action seeking a declaration, inter alia, that they are entitled to moneys paid pursuant to Insurance Law §§ 9104 and 9105 to defendant Greece-Ridge Exempt Firemen's Association (Exempt Association), misnamed in the complaint as Greece-Ridge Exempt Fireman Association. Plaintiffs contend that the moneys should be distributed to plaintiff Ridge Road Professional Firefighters Association, Inc. (Union), which represents paid firefighters in the fire district, on a pro rata basis from the active membership rosters of paid and volunteer firefighters. The Insurance Law imposes a two percent tax on fire insurance premiums paid to foreign and alien insurance companies (§ 9104) and to foreign mutual fire insurance companies (§ 9105) on property located within the State of New York. We agree with the parties that Supreme Court should have declared the rights of the parties to those two-percent funds, and further agree with defendants that the Exempt Association is not required to pay a portion of those funds to the Union.

Sections 9104 and 9105 of the Insurance Law provide that the two-percent funds are to be paid to "either the fiscal officer of the fire department of the municipality, the fiscal officer of the municipality, or, in the case where there is a special law designating the entity entitled to receive the premium tax, the entity designated by that special law" (*Town of Mamaroneck Professional Firefighters Assn. v Volunteer & Exempt Firemen's Benevolent Assn. of Town of Mamaroneck, N.Y.*, 292 AD2d 375, 376 [2002]; *see* Insurance Law § 9104 [a] [1]-[3]; § 9105 [d] [2] [B]-[D]). Section 3 of chapter 497 of the Laws of 1945 designates the Exempt Association as the entity entitled to receive the two-percent funds. Contrary to the contention of plaintiffs, the Union has no right to receive a portion of the funds directly from the State (*see Town of Mamaroneck Professional Firefighters Assn.*, 292 AD2d at 376).

Contrary to the further contention of plaintiffs, the Exempt Association is not required to use the two-percent funds to benefit the Union. Chapter 497 does not require the Exempt Association to distribute the moneys to any particular parties. Section 1 of chapter 497 provides that the purpose of the Exempt

Association is the maintenance of a suitable headquarters, the assistance of disabled or indigent members and their families, and the promotion of the welfare of the volunteer fire service in the fire district. Section 2 provides that the control and disposal of the funds of the Exempt Association shall be vested in a board of directors of the Exempt Association. Thus, the Exempt Association has the discretion to disburse the funds consistent with the purposes of the organization (*see Wilcox v Schenck,* 52 AD2d 349, 351 [1976]). *Renn v Kimbark* (51 NY2d 189, 192 [1980]), relied upon by plaintiffs, is distinguishable inasmuch as the two-percent funds in that case were paid to the fiscal officer of the fire department and were improperly allocated to only the volunteer firefighters, and not the paid firefighters, in the City of Kingston. In this case, the two-percent funds are paid pursuant to a special law of the Legislature to the Exempt Association, and pursuant to that special law the Exempt Association has the discretion to disburse those funds for the benefit of its members.

We thus modify the judgment by granting judgment in favor of defendants declaring that plaintiffs are not entitled to a share of the proceeds of the two-percent funds collected pursuant to Insurance Law §§ 9104 and 9105. Present—Green, J.P., Hurlbutt, Kehoe, Gorski and Hayes, JJ.