■ JEFFREY A. HAHN, Individually and as President of Brighton Professional Firefighters Association, Local 2223 and on Behalf of all Employees Providing Fire Protection in Brighton Fire District Similarly Situated, et al., Respondents, v RICHARD J. GARRETT, as Chairman of Board of Commissioners of Brighton Fire District, et al., Appellants. [810 NYS2d 705]—

Appeal from a judgment (denominated order) of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered March 21, 2005. The judgment, among other things, granted in part plaintiffs' cross motion for summary judgment.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by granting judgment in favor of plaintiffs as follows: "It is ADJUDGED and DECLARED that plaintiffs are entitled to share in the use and to participate in deciding the use of the two-percent funds received from the State of New York pursuant to Insurance Law §§ 9104 and 9105 and that the money received by defendants is to be held in trust for all firefighters and as modified the judgment is affirmed without costs."

Memorandum: Plaintiffs commenced this action seeking, inter alia, a declaration that the paid firefighters in the Town of Brighton are entitled to their pro rata share of the money paid to defendant Lawrence M. Howk, as Treasurer of the Brighton Fire District, pursuant to Insurance Law §§ 9104 and 9105. Those sections "provide that foreign and alien fire insurance companies and mutual fire insurance companies must pay a 2% tax on the amount of all premiums for insurance against loss or damage by fire, and that the money generated by the tax" shall be distributed in accordance with the provisions of those sections (*Pillig v Strange*, 239 AD2d 568, 568 [1997], *lv dismissed* 90 NY2d 979 [1997]; *see* Insurance Law § 9104 [a]; § 9105 [a] [1]; [b] [1]). Contrary to defendants' contention, Supreme Court properly granted that part of plaintiffs' cross motion for summary judgment on the first cause of action, determining that paid firefighters are entitled to their pro rata share of the two-percent funds. "[I]n a fire department consisting of both paid and volunteer firemen, both the paid and the volunteer firemen are entitled to share in the distribution of foreign fire insurance

tax moneys" (Ops St Comp No. 79-813 [1979]). The Court of Appeals has held that, "in the absence of an express legislative enactment precluding the paid firemen of a particular city from sharing in the insurance premium tax, all firemen in the locality [are] entitled to share ratably in the funds collected pursuant to the Insurance Law" (*Renn v Kimbark*, 51 NY2d 189, 194-195 [1980]; see Pillig, 239 AD2d at 569; *City of Poughkeepsie v Poughkeepsie Associated Fire Dept.*, 125 AD2d 522 [1986], *lv dismissed* 69 NY2d 1038 [1987], *appeal dismissed* 80 NY2d 891 [1992]; *Wilcox v Schenck*, 52 AD2d 349, 350-351 [1976]).

Contrary to defendants' further contention, the entitlement of the paid firefighters to share in the two-percent funds is not based on the multiple fire companies distribution provision in Insurance Law § 9104 (a) (4) and § 9105 (d) (2) (E). None of the cases cited above wherein paid firefighters were awarded their pro rata share of the two-percent funds relied on sections 9104 (a) (4) or 9105 (d) (2) (E) as authority for the apportionment. Furthermore, the Office of the State Comptroller subsequently applied the reasoning of *Renn* to situations involving allocation of the two-percent funds between or among volunteer fire companies in a "multi-company fire district fire department" (Ops St Comp No. 89-53 [1989]).

We likewise conclude that the court properly ordered Howk, as the initial recipient of the two-percent funds from the State of New York, to "turn over" the paid firefighters' pro rata share of the two-percent funds to the Brighton Professional Firefighters Mutual Aid Fund (*see* Ops St Comp No. 90-20 [1990]; *cf. Town of Mamaroneck Professional Firefighters Assn., Local 898 v Volunteer & Exempt Firemen's Benevolent Assn. of Town of Mamaroneck, N.Y.*, 292 AD2d 375, 376 [2002]). Inasmuch as plaintiffs submitted affidavits from paid firefighters stating that only volunteer firefighters previously had benefitted from the two-percent funds, the court properly appointed a referee to hear and determine "plaintiffs' claim that the two percent monies for 2002 to the present were used to benefit only the volunteer firefighters."

Finally, we conclude that the court should have declared the rights of the parties, and we therefore modify the judgment accordingly. Present—Scudder, J.P., Kehoe, Martoche and Pine, JJ.