Gerard J. Comatos, Jr. Informal Opinion Attorney No. 2006-10 Arlington Fire District Van DeWater and Van DeWater, LLP 40 Garden Street P.O. Box 112 Poughkeepsie, New York 12602
Dear Mr. Comatos:
You have requested an opinion regarding whether paid firefighters and emergency service personnel employed by the Arlington Fire District are "members of the fire department" of the Fire District eligible to cast ballots at the annual meeting to nominate a chief and assistant chiefs of the fire department.
You have explained that fire and emergency services[1]
are provided through the fire department by both paid[2]
and volunteer personnel. The board of fire commissioners has not passed a resolution, subject to public hearing, to employ a paid fire chief, see Town Law § 176(11-c), and thus the positions of fire chief and assistant chief are volunteer positions.
Section 176(11-a) of the Town Law provides that:
 [t]he members of the fire department of the fire district shall meet at a time and place designated by the board of fire commissioners . . . and nominate persons for the offices of chief and such assistant chiefs as may be provided for in the rules and regulations adopted by the board of fire commissioners. . . . The board of fire commissioners at its meeting next succeeding the making of such nominations shall consider the same and shall appoint such persons to the offices to which they have been respectively nominated or, if a nomination is not approved the board of fire commissioners shall call another meeting of the members of the fire department at which a new nomination shall be made to take the place of any nomination not approved. . . .
You have indicated that the fire commissioners disagree as to whether the "members of the fire department" include the paid firefighters, with some fire commissioners believing that only the volunteer firefighters are eligible to cast ballots to nominate a volunteer chief and assistant chiefs.
As explained more fully below, we believe that the paid firefighters of the fire department are "members of the fire department" of the fire district under Town Law § 176(11-a) and thus are eligible to cast ballots to nominate a volunteer chief and assistant chiefs.
First, as used in article 11 of the Town Law, which governs fire districts, the phrase "members of the fire department" appears to include both paid and volunteer firefighters. Most significantly, Town Law § 176-a provides that "[t]he chief shall, under the direction of the board of fire commissioners, have exclusive control of the members of the fire department of the fire district at all fires, inspections, reviews and other occasions when the fire department is on duty or parade." Town Law § 176-a(1) (emphasis added). When the fire department is on duty, the board of commissioners may not interfere with the duties of the fire chief or assistant chiefs. Id. The use of "member" in this context must include paid as well as volunteer firefighters; otherwise, the fire chief's ability to direct firefighting operations would be limited and paid firefighters would be subject to no direction.
Moreover, the Legislature has indicated that paid firefighters can be "members" of a fire department. See Town Law § 174(7) ("The officers and employees of a fire district, including the paid and volunteer members of the fire department thereof, are officers and employees of such fire district"). While it has been suggested that paid firefighters are not "members" of the fire department but instead are "employees" of the fire department, we think that the terms "members" and "employees" in article 11 are not mutually exclusive. Rather, a person may simultaneously be both a "member" of a fire department and an "employee" of the fire department. See id. (including paid and volunteer "members" of the fire department in "officers and employees").
Other uses of the word "member" in relation to the members of the fire department in article 11 can include paid firefighters.See, e.g., Town Law § 176(11) (the board of fire commissioners may "adopt rules and regulations governing all fire companies and fire departments in said district and prescribing the duties of the members thereof"); id. § 176(19) (the board of fire commissioners may "insure the members of the fire department of the district against injury or death in the performance of their duties"); id. § 176(33) (the board of fire commissioners may "authorize the use of fire equipment and apparatus belonging to the fire district for the purpose of participation in the funeral of a deceased member or former member of a fire department or fire company within the district").
Including paid firefighters as "members" of a fire district fire department is also consistent with provisions of the General Municipal Law governing firefighters. For example, section 207-a
of the General Municipal Law, providing certain benefits to paid firemen injured while performing their duties defines "paid fireman" as "any paid officer or member of an organized fire company or fire department of a . . . fire district." General Municipal Law § 207-a(1) (emphasis added). Section 209-l provides for the removal of "volunteer officers and volunteer members" of fire district fire departments, suggesting that the fire department can have paid members as well.
Considering paid firefighters to be "members of the fire department" is also consistent with relevant case law. In the context of disbursing fire insurance premium tax funds "to the treasurer or other fiscal officer of the fire department affording fire protection in . . . [the] fire district" to be used for the benefit of "the fire department," Insurance Law § 9105; see also id. § 9104, the Court of Appeals has explained that the predecessors to these insurance statutes
 had their origins at a time when fire protection was provided solely by volunteer groups. Funds were generated from taxes collected from insurance companies in order to aid injured and disabled firemen and their families. . . . With the advent of the full-time paid fireman, however, these statutes have been construed to apply to volunteer and paid firemen alike. This is understandable when one considers the clear language of sections [9104 and 9105] of the Insurance Law which creates no preference in favor of volunteer firemen as recipients of these moneys.
Renn v. Kimbark, 51 N.Y.2d 189, 193-94 (1980). The Court further explained that "in the absence of an express legislative enactment precluding the paid firemen of a particular city from sharing the insurance premium tax, all firemen in the locality," as "active members" of the fire department, "were entitled to share ratably in the funds collected pursuant to the Insurance Law." Id. at 194-95; see also Hahn v. Garrett,27 A.D.3d 1103 (4th Dep't 2006) (paid firefighters in a fire district fire department composed of paid and volunteer firefighters were entitled to a share of fire insurance premium tax funds).
Finally, the conclusion that the paid firefighters are "members of the fire department" who may vote to nominate their candidates for volunteer fire chief and assistant chiefs is sensible in light of the fact that paid firefighters, like volunteer firefighters, will be subject to the control of the fire chief and, in his absence, the assistant chiefs.
The Attorney General issues formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
 KATHRYN SHEINGOLD Assistant Solicitor General In Charge of Opinions
[1] General Municipal Law § 209-b(1) authorizes the "authorities having control of fire departments and fire companies" to "organize within such departments or companies emergency rescue and first aid squads composed of firemen who are members of such departments or companies. Such squads, so organized, may render services in case of accidents, calamities or other emergencies in connection with which their services may be required." Because such emergency service personnel must be "firemen," see id., we will refer to both groups as "firefighters."
[2] The board of fire commissioners is authorized to employ paid firefighters. See, e.g., Town Law § 176(11-c) (authorizing the adoption of a resolution to employ paid firefighters and paid fire officers, including but not limited to a paid fire chief); id. § 176(18)(4) (authorizing the expenditure from fire district revenues of the amounts appropriated to compensate paid firemen); id. § 176(18-a) (authorizing the employment of paid firemen after public hearing).