■ VOLUNTEER & EXEMPT FIREMEN'S ASSOCIATION OF GARDEN CITY, Appellant, v LOCAL 1588 of the PROFESSIONAL FIREFIGHTERS ASSOCIATION OF NASSAU COUNTY et al., Respondents. [918 NYS2d 529]—

The Insurance Law imposes a 2% tax on fire insurance premiums paid to foreign and alien insurance companies (*see* Insurance Law § 9104) and to foreign mutual fire insurance companies (*see* Insurance Law § 9105) on property located within the State of New York. Section 1 of chapter 716 of the 1939 Laws of New York (hereinafter the 1939 Act) provides that Insurance Law funds relating to property within the Village of Garden City shall be paid to the Volunteer and Exempt Firemen's Association of Garden City (hereinafter the Association). A 1989 settlement agreement between the Association and Local 1588 of the Professional Firefighters Association of Nassau County (hereinafter the Union) provides that Insurance Law funds received by the Association shall be shared ratably with the Union, acting on behalf of all paid firefighters in Garden City.

The Supreme Court properly found that the settlement agreement does not violate the 1939 Act. When a special law provides that Insurance Law funds shall only be used for the benefit of disabled volunteer and exempt firefighters and their families, paid firefighters may not share in the funds (*see Town of Mamaroneck Professional Firefighters Assn., Local 898 v Volunteer & Exempt Firemen's Benevolent Assn. of Town of Mamaroneck, N.Y.*, 292 AD2d 375, 376 [2002]). However, in the absence of an express legislative enactment precluding the paid firefighters from sharing Insurance Law funds, all firefighters are entitled to share ratably in those funds (*see Renn v Kimbark*, 51 NY2d 189, 194-195 [1980]; *Pillig v Strange*, 239 AD2d 568, 569 [1997]; *City of Poughkeepsie v Poughkeepsie Associated Fire Dept.*, 125 AD2d 522 [1986]). The intent of the Legislature to create a preference for one class of firefighters by way of a special enactment must be clearly expressed (*see Uniformed Fire Officers Assn. of Paid Fire Dept. of City of Yonkers v Mutual Aid Assn. of Paid Fire Dept. of City of Yonkers*, 82 AD2d 916, 918 [1981]; *Bruno v Walder*, 82 AD2d 903, 904 [1981]). Here, contrary to the Association's contention, the 1939 Act does not expressly preclude nondisabled paid firefighters from sharing in the Insurance Law funds. Accordingly, the Supreme Court should have searched the record and awarded summary judgment to the defendants declaring that the settlement agreement between the parties dated July 21, 1989, and the arbitration clause contained therein, are valid, legal, and enforceable.

Since the arbitration clause contained in the settlement agreement covers the remaining issues in dispute, the Supreme Court properly granted the defendants' cross motion to compel arbitration (*see* CPLR 7503 [a]).

The parties' remaining contentions are without merit.

Since this is, in part, a declaratory judgment action, the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the settlement agreement between the parties dated July 21, 1989, and the arbitration clause contained therein, are valid, legal, and enforceable (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Rivera, J.P., Balkin, Leventhal and Hall, JJ., concur.