■ TRAVIS KROL, as President of the Oneida Firemen's Benevolent Association, Appellant-Respondent, v STEVE POTTER, as Treasurer of the Oneida Citizens Hose Company #1, Respondent-Appellant, and CITY OF ONEIDA, Respondent. [967 NYS2d 156]—

Rose, J. Cross appeals from an order of the Supreme Court (Cerio Jr., J.), entered September 19, 2012 in Madison County, which, among other things, declared that certain tax monies paid to defendant City of Oneida be distributed pro rata to plaintiff and the Oneida Citizens Hose Company #1 based upon a particular formula.

Defendant City of Oneida receives certain fire insurance premium tax monies collected pursuant to Insurance Law §§ 9104 and 9105, and it has historically distributed them equally to the Oneida Firemen's Benevolent Association (hereinafter OFBA) and the Oneida Citizens Hose Company #1 (hereinafter Citizens Hose). Plaintiff, the president of OFBA, commenced this action seeking, among other things, a declaratory judgment that OFBA was the only entity entitled to receive the tax monies. After a nonjury trial, Supreme Court ordered that the tax monies be distributed on a "pro rata/per capita" basis to plaintiff and Citizens Hose based on an annual showing of active members, which it defined as those members who satisfied all required training to be considered active level I firefighters. These cross appeals ensued.

Initially, as OFBA is an unincorporated membership association, plaintiff has standing to sue on its behalf (*see* General Associations Law § 12; *Niagara Falls Fire Dept. Mut. Aid Assn. v Exempt Firemen's Assn., City of Niagara Falls*, 25 AD2d 484,

484 [1966]). As for the merits, Insurance Law §§ 9104 and 9105 " 'provide that foreign and alien fire insurance companies and mutual fire insurance companies must pay a 2% tax on the amount of all premiums for insurance against loss or damage by fire' " (*Hahn v Garrett*, 27 AD3d 1103, 1103 [2006], quoting *Pillig v Strange*, 239 AD2d 568, 568 [1997], *lv dismissed* 90 NY2d 979 [1997]). Pursuant to the statutes, the monies are to be paid to the "treasurer or other fiscal officer of the fire department affording fire protection in [each] city" or, if there is no such officer, to the fiscal officer that has jurisdiction and control of the fire department (Insurance Law §§ 9104 [a] [1], [2]; 9105 [d] [2] [B], [C]). Here, the City receives the tax monies and is then required to distribute it to "the fire companies constituting the fire department" (Insurance Law §§ 9104 [a] [4]; 9105 [d] [2] [E]). Relying on the City Charter adopted in 1974, plaintiff contends that Citizens Hose is not part of the fire department and, accordingly, does not meet the statutory requirements for receipt of the monies. On the other hand, Citizens Hose argues that the 1974 Charter did not change its historical status as part of the fire department and that it is entitled to the monies based on our holding in *Cary v City of Oneida* (158 App Div 773 [1913]).

In *Cary*, we held that the tax monies collected from foreign fire insurance companies should be apportioned to the four fire companies recognized by the Oneida Common Council, one of which was the German Hose Company, the predecessor to Citizens Hose (*id.* at 778). That decision was based on the organization of the fire department at that time, which, pursuant to the City Charter then in effect, included paid firefighters as well as the volunteers of the German Hose Company (*id.* at 774). *Cary* is no longer controlling, however, inasmuch as "the facts relating to the organization of the fire department appear [now to be] vitally different" (*id.* at 776).

In the 1974 City Charter, the fire department was reorganized so that the Bureau of Fire became the sole agency responsible for all fire protection within the City (*see* Oneida City Charter § 10.5). The Bureau consists of "the Commissioner of Public Safety, a Fire Chief and such other officers and employees as may be authorized by the Common Council" (Oneida City Charter § 10.5). The Commissioner of Public Safety is authorized to "appoint all officers and employees of the Bureau of Fire in accordance with the provisions of the Civil Service Law" (Oneida City Charter § 10.7). The evidence at trial established that the volunteer members of Citizens Hose are not and never have been civil service employees of the Bureau of Fire.

Nor are we persuaded by Citizens Hose's contention that the City's continued payment of the tax monies to Citizens Hose acts as an endorsement or recognition of its members as active firefighters employed by the City. Rather, the City appears to have been acting under the constraint of our decision in *Cary v City of Oneida (supra)*, and we do not view the provision of the City Charter that "positions of employment" not specifically abolished "shall continue until abolished, modified or superseded by action of the Common Council" (Oneida City Charter § 15.2 [B]) to be applicable or supportive of Citizens Hose's position that it continues to be part of the fire department. Based upon our reading of the current City Charter in conjunction with the statutory requirement that the tax monies be paid to "fire companies constituting the fire department" (Insurance Law §§ 9104 [a] [4]; 9105 [d] [2] [E]), we conclude that Citizens Hose is not entitled to a pro rata share.

Moreover, the Court of Appeals has described the members of a fire department who are eligible to receive the Insurance Law tax monies as "active" and actually responsible for "providing fire protection" (*Renn v Kimbark*, 51 NY2d 189, 195 [1980]; *see* Insurance Law §§ 9104 [a] [1]; 9105 [d] [2] [B]). The members of Citizens Hose are not trained to perform interior or exterior firefighting and, on the rare occasions when they are paged to assist the fire department, the few members who respond are limited to performing auxiliary services such as coiling hoses, directing traffic and cleaning equipment. The evidence at trial established that whenever the fire department requires assistance in actually fighting a fire, it makes a mutual aid call to volunteer fire companies in surrounding communities. Citizens Hose is not part of the mutual aid call system.

Finally, as the instant action was commenced after distribution of the 2010 monies, we agree with the City that the motion to enjoin payment of those monies was untimely and we find no basis to disturb Supreme Court's holding that OFBA was not entitled to disgorgement as a matter of equity. The 2011 monies—which have been held by the City pending the outcome of this action—and any other or future collections should be disbursed to OFBA, and it is entitled to declaratory judgment in its favor.

Peters, P.J., Lahtinen and Garry, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as declared that the tax monies paid to defendant City of Oneida pursuant to Insurance Law §§ 9104 and 9105 be distributed pro rata to plaintiff and the Oneida Citizens Hose Company #1; it is declared that plaintiff is entitled to payment of those monies; and, as so modified, affirmed.