Hennessy v G.S. Mink Steamer & T. Claxton Hose Co. No. 2, Auxiliary Inc. (2020 NY Slip Op 02303)





Hennessy v G.S. Mink Steamer & T. Claxton Hose Co. No. 2, Auxiliary Inc.


2020 NY Slip Op 02303


Decided on April 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 16, 2020

528314

[*1]Mark Hennessy, as President of the Rensselaer Professional Firefighters Local 2643, Appellant-Respondent,
v
G.S. Mink Steamer and T. Claxton Hose Company No. 2, Auxiliary Inc., et al., Respondents-Appellants, and City of Rensselaer, Respondent.

Calendar Date: February 10, 2020

Before: Lynch, J.P., Clark, Devine, Pritzker and Reynolds Fitzgerald, JJ.


Blitman & King LLP, Syracuse (Brian J. LaClair of counsel), for appellant-respondent.
Law Office of Raymond A. d'Amico, Clifton Park (Raymond A. d'Amico of counsel), for respondents-appellants.
Goldman Attorneys PLLC, Albany (Erika C. Browne of counsel), for respondent.



Pritzker, J.
(1) Cross appeals from an amended order of the Supreme Court (Zwack, J.), entered October 12, 2018 in Rensselaer County, which, among other things, partially denied plaintiff's motion for partial summary judgment, and (2) appeal from an amended order of said court, entered February 5, 2019 in Rensselaer County, which, among other things, denied certain defendants' motion for leave to amend their consolidated answer.
The Rensselaer Fire Department consists of five companies, four of which are volunteer fire companies: defendants G.S. Mink Steamer and T. Claxton Hose Company No. 2, Auxiliary Inc.; E.F. Hart Hose Co. No. 3 Rensselaer, New York, Inc.; Rensselaer City Chemical and Hose Fire Company No. 4; and James Hill Hook and Ladder Company of the City of Rensselaer, N.Y. (hereinafter collectively referred to as the volunteer companies). The fifth company is comprised of 15 paid firefighters (hereinafter the paid firefighters) who are employed by defendant City of Rensselaer. All of the paid firefighters are members of the Rensselaer Professional Firefighters Local 2643 (hereinafter the Union), a voluntary, unincorporated association consisting of paid firefighters employed by the City. The City receives fire insurance premium tax monies collected pursuant to Insurance Law §§ 9104 and 9105 and distributes them equally to the Union and each volunteer company.
In August 2016, plaintiff, the President of the Union, commenced this action seeking, among other things, a declaratory judgment that the City violated Insurance Law §§ 9104 and 9105 by distributing the collected tax monies to members of the volunteer companies who were not "active." Plaintiff also sought to enjoin the City from distributing tax monies to the volunteer companies based on members who are not active, arguing that the term active should be defined as responding to alarms and performing firefighting at least eight times per year. The City answered, asserting affirmative defenses, counterclaims and cross claims. Three of the volunteer companies answered and asserted affirmative defenses. Soon thereafter, the fourth volunteer company answered and asserted affirmative defenses. Plaintiff replied to the City's cross claims, answering and asserting affirmative defenses. The volunteer companies replied to the City's cross claims, answering and asserting affirmative defenses against the City and alleging counterclaims and cross claims. In January 2017, Supreme Court consolidated the volunteer companies' answers and directed them to serve a separate and correctly labelled reply to the City's cross claims.
In April 2018, plaintiff moved for partial summary judgment on its first cause of action against the City, seeking declaratory relief and enjoinment. The volunteer companies then moved for partial summary judgment dismissing the complaint against them and seeking a declaration that, among other things, plaintiff lacks the legal capacity to receive the paid firefighters' pro rata portion of the collected tax monies. The City opposed both motions. In October 2018, Supreme Court granted plaintiff's motion to the extent of determining that the City, in 2016 and 2017, failed to distribute the tax monies appropriately and enjoining the City from any future distributions inconsistent with Insurance Law §§ 9104 and 9105. The court also partially granted the volunteer companies' motion to the extent of determining that plaintiff is not an entity eligible to receive the paid firefighters' pro rata distribution. The court determined that the volunteer companies were not entitled to additional declaratory relief because their consolidated answer contained no counterclaims, thereby rendering their request for declaratory relief improperly interposed.
In November 2018, pursuant to CLPR 3025, the volunteer companies moved for leave to amend their consolidated answer to include counterclaims and to amend their reply to the City's answer to include cross claims. The City and plaintiff opposed the motion as untimely and prejudicial. Pursuant to CPLR 2221, plaintiff also cross-moved for reargument of the October 2018 order and, in the alternative, for a stay pursuant to CPLR 2201. The volunteer companies opposed the cross motion. In February 2019, Supreme Court denied the volunteer companies' motion to amend in its entirety and partially granted plaintiff's motion seeking reargument. In that regard, the court deemed its October 2018 order a final order resolving the claims set forth in plaintiff's first and second causes of action in the amended complaint and the first counterclaim, second counterclaim, first cross claim and second cross claim in the City's answer; the court found that the remaining issue and request to adjourn the trial were rendered academic. Plaintiff and the volunteer companies cross-appeal from the October 2018 order and both appeal from the February 2019 order.[FN1]
"Insurance Law §§ 9104 and 9105 provide that foreign and alien fire insurance companies and mutual fire insurance companies must pay a 2% tax on the amount of all premiums for insurance against loss or damage by fire" (Krol v Potter, 106 AD3d 1440, 1441 [2013] [internal quotation marks and citations omitted]; see Volunteer & Exempt Firemen's Assn. of Garden City v Local 1588 of the Professional Firefighters Assn. of Nassau County, 82 AD3d 876, 877 [2011], lv denied 17 NY3d 705 [2011]). The statutes designate "the treasurer or other fiscal officer of the fire department affording fire protection" in each city as the intended recipient of the monies (Insurance Law §§ 9104 [a] [1]; 9105 [d] [2] [B]; see Foley v Masiello, 52 AD3d 1225, 1226 [2008], lv denied 11 NY3d 714 [2009]). If there is no such fiscal officer, the payment is to be made "to the fiscal officer of the authorities having jurisdiction and control of such fire department" (Insurance Law §§ 9104 [a] [2]; 9105 [d] [2] [C]; see Watt v Richardson, 6 AD3d 1117, 1118 [2004], lv denied 9 AD3d 920 [2004], lv dismissed 3 NY3d 735 [2004]). "[T]he tax proceeds generated by Insurance Law §§ 9104 and 9105 are intended for the personal use and benefit" of the fire departments (MacIsaac v City of Poughkeepsie, 158 AD2d 140, 143 [1990], lv denied 76 NY2d 714 [1990], appeal dismissed 80 NY2d 891 [1992]) and are to "be shared [pro rata] by all fire departments affording fire protection" (Pillig v Strange, 239 AD2d 568, 569 [1997], lv dismissed 90 NY2d 979 [1997]; see Krol v Potter, 106 AD3d at 1442). Only active members of a fire department who are "actually responsible for providing fire protection" are eligible to receive these monies (Krol v Potter, 106 AD3d at 1442 [internal quotation marks and citation omitted]).
We turn first to plaintiff's assertion that Supreme Court erred in partially denying its motion for partial summary judgment inasmuch as it erroneously determined that actual participation in firefighting is not a criterion for determining whether a firefighter is "active" and thus eligible to share in the tax monies. This Court has held that "active" members are those who are "trained to perform interior or exterior firefighting" and are unrestricted in their ability to perform actual firefighting (Krol v Potter, 106 AD3d at 1442). "[D]espite recognition that the paid firefighters [as compared to volunteer firefighters] commonly shoulder the main responsibilities in a department" (Renn v Kimbark, 115 AD2d 112, 113-114 [1985], lv denied 68 NY2d 663 [1986]), a member's response rate or attendance record does not determine whether a member is active within the meaning of the statutes (see id.). Therefore, the court properly determined that the actual number of calls a firefighter responds to is not determinative of the manner in which the City must distribute the tax monies and, as such, we discern no error in the court's pro rata disbursement of the monies (see Krol v Potter, 106 AD3d at 1442; Pillig v Strange, 239 AD2d at 569; Renn v Kimbark, 115 AD2d at 113-114).
Plaintiff's further contention, that Supreme Court erred in determining that the Union may not receive the paid firefighters' pro rata distribution of the monies, is similarly without merit. Initially, there is no dispute that the monies are properly paid, in the first instance, to the treasurer of the City. The issue lies in whether the City can then distribute the paid firefighters' portion of those monies to the Union. Pursuant to Insurance Law §§ 9104 (a) (4) and 9105 (d) (2) (E), after the treasurer of the City receives the monies, he or she "shall . . . distribute the amount so received to the fire companies constituting the fire department if such fire department is constituted of more than one fire company." Because the Union is neither a fire company nor a fire department, it is ineligible to receive the distributions (see Insurance Law §§ 9104 [a] [4]; 9105 [d] [2] [E]; compare Watt v Richardson, 6 AD3d at 1118-1119). To that end, the City treasurer — who, as the fiscal officer of the City, is the person having jurisdiction and control of the paid firefighters — is the appropriate recipient of the paid firefighters' share (see Insurance Law §§ 9104 [a] [4]; 9105 [d] [2] [E]).[FN2]
The volunteer companies' arguments warrant little discussion. First, Supreme Court properly denied their motion for partial summary judgment by determining that the tax monies distributed to the paid firefighters are for their use and benefit as a whole, rather than the Rensselaer Fire Department as an entity, because the statutes indicate that the distribution must be used solely for the benefit of the members of the fire companies, as determined by the members of the companies (see Insurance Law §§ 9104 [f] [1], [2]; 9105 [d] [3] [A], [B]; see generally MacIsaac v City of Poughkeepsie, 158 AD2d at 143). Likewise, Supreme Court properly denied the volunteer companies' request for declaratory relief on unpleaded counterclaims asserted only in their reply (see MLB Constr. Servs., LLC v Lake Ave. Plaza, LLC, 156 AD3d 983, 986 [2017]; see generally CPLR 3011; Rubin v Napoli Bern Ripka Shkolnik, LLP, 151 AD3d 603, 604 [2017]). Further, given the circumstances and procedural history, we discern no abuse of discretion by Supreme Court in denying the volunteer companies' motion for leave to amend their pleadings, as the volunteer companies offered no reasonable excuse for their delay (see Palmatier v Mr. Heater Corp., 156 AD3d 1167, 1169-1170 [2017]; Sadler v Town of Hurley, 304 AD2d 930, 931 [2003]). Moreover, both plaintiff and the City demonstrated that undue prejudice would result directly from the volunteer companies' delay in seeking leave, as neither party was afforded the opportunity to conduct discovery or address the proposed amended claims at the summary judgment stage; in so doing, plaintiff and the City established that the delay hindered the preparation of their respective cases (see Lakeview Outlets Inc. v Town of Malta, 166 AD3d 1445, 1446-1447 [2018]).
Lynch, J.P., Clark, Devine and Reynolds Fitzgerald, JJ., concur.
ORDERED that the amended orders are affirmed, without costs.



Footnotes

Footnote 1: Insofar as plaintiff failed to raise any argument for affirmative relief as to the February 2019 order in its brief, plaintiff abandoned its appeal from said order (see Matter of Hargett v Town of Ticonderoga, 25 AD3d 981, 981 n [2006]).

Footnote 2: While not impacting the partial denial of plaintiff's motion, Supreme Court misstated the law in finding that it is within the City's discretion to select an eligible purpose, on behalf of the paid firefighters, for the tax monies' use (see Insurance Law §§ 9104 [f] [1], [2]; 9105 [d] [3] [A], [B]). The statutes plainly provide that "such [monies] shall be used for the benefit of, as determined by the members" of the recipient company or union/association (Insurance Law §§ 9104 [f] [1], [2]; 9105 [d] [3] [A], [B] [emphasis added]).